## FALKNER v. BEERS.

Pleading the general issue to a complaint under the statute of forcible entry and detainer, (R. S. 490, ch. 5, S. L. 1840, p. 83,) is a waiver of irregularities in the summons and venire.

The contents of a notice to quit may be proved by secondary evidence, without notice to produce the original.

A tenant holding over after the expiration of his term, cannot set up title to the premises in a third person, in defence of an action by his landlord to recover the possession.*

CERTIORARI to two justices of the peace. This was a proceeding under the statute of forcible entry and detainer, (R. S. 1838, p. 490, ch. 5,†) and the act amendatory thereto, (S. L. 1840, p. 83,) instituted by Beers, to recover possession of certain premises leased by him to Falkner, and which the latter held over, after the expiration of the term for which they were demised. On complaint filed, a summons was issued and duly served on Falkner, and also a venire, by virtue of which a jury was summoned in the cause. Falkner appeared on the return day, and plead the general issue, accompanied with a notice of special matter to be given in evidence on the trial. But, before proceeding to the trial, he moved to quash the proceedings, on the ground that both the summons and venire, (which appeared, on their face, to have been signed by each of the justices before whom the cause was pending,) were in fact signed and issued by one of them only. This motion was overruled on the ground that it came too late, after plea to the merits, and the cause proceeded to trial.—On the trial, Beers offered to prove the contents of a notice to quit, served upon the defendant, by reading in

* Vide Byrne v. Beeson, 1 Dougl. Mich. R. 179.
† Vide R. S. 1846, ch. 123.

evidence a copy thereof. This evidence was objected to, on the ground that Falkner had not been notified to produce the original. But the objection was overruled, and the copy read in evidence.—Beers then gave in evidence a written instrument, signed by Falkner, dated September 17, 1841, reciting that he, (Falkner,) had hired the premises from Beers, for the term of one year from that date, at a certain rent therein specified ; and containing a promise to make punctual payment of the rent, and to surrender the premises at the expiration of the term. And, having proved Falkner in possession after the expiration of the term, he rested his case.—Falkner then offered to prove, in defence, that, as alleged in the notice appended to his plea, Beers had no right or title to the premises, and never had been in possession thereof; but that they were the property of the state of Michigan. This evidence being objected to by Beers, was rejected by the justices.—The jury found a verdict in favor of Beers, on which judgment was rendered and restitution of the premises awarded.

*N. Bacon,* for the plaintiff in error.

*C. Dana,* for the defendant in error. If the summons was irregularly issued, the irregularity was waived by plea to the merits. *Tifft* v. *Culver,* 3 Hill's R. 180 ; *Durham* v. *Hayden,* 7 John. R. 381 ; *Willoughby* v. *Carleton,* 9 Id. 136. The evidence offered in defence was properly rejected. *Doe* v. *Pegge,* 1 T. R. 750 ; *Mackey* v. *Mackreth,* 3 Id. 14 ; 9 Wend. 147; *Jackson* v. *Stewart,* 6 John. R. 34 ; Woodfall, 397; 2 Binn. R. 471 ; 6 Wheel. Am. Com. Law, 380, '2, '3, '4.

RANSOM, C. J. delivered the opinion of the Court.

A reversal of the judgment below is claimed by the plaintiff in error, on the ground,—

1. That the justices improperly overruled his motion to quash the summons and venire.   We have no doubt, however, that the motion was properly denied.   The defendant appeared, plead the general issue, and gave notice of his intention to prove special matter going to the whole merits of the controversy, before he interposed his motion to quash.   He thereby waived all irregularities in the issuing of the process.   When there has been any irregularity, if the party overlook it, and take subsequent steps in the cause, he cannot afterwards revert back to the irregularity.   Grah. Pr. 702; 3 T. R. 7, 10; 2 Taunt. 243; 5 T. R. 464; 5 Taunt. 330; 2 B. & Ald. 373; 10 John. R. 486.

2. It is also objected that the justices erred in permitting a *copy* of the notice to quit, to be read in evidence. It is insisted that notice to produce the original, must have been given, before secondary evidence of its contents could have been received.   Such, however, is not the rule. In Tillinghast's Adams on Ejectment, p. 313, it is said— " The contents of the notice to quit, may be proved by a duplicate original, which should be compared with the notice actually served, by the party serving it; but if this precaution is not taken, parol evidence may be given of its contents; and it is not necessary in either case to give the defendant notice to produce the original in his possession."

3. Again, it is contended that this judgment is erroneous, because the justices rejected the evidence offered by the defendant, to show that the plaintiff had no title to the premises, but that the same was vested in the state.

It is said to be an universal rule, that a tenant shall not be permitted to set up any objection to the title of his landlord; and this is not merely a technical rule, but one founded in convenience and policy, and it applies to all kinds of tenancy, whether for years, at will, or at suffer-

Falkner v. Beers.

ance.   9 Wend. 147; 6 Am. Com. Law, 382; 1 T. R. 760; Till. Adams on Eject. 276, and notes (c.) and 2.

Falkner was the tenant of Beers, and entered into possession under a lease from him; and, having paid rent and enjoyed the premises, he is estopped from setting up a title against him.   He could not set up a title in himself subsequently acquired, without first surrendering possession to his landlord; much less could he set up a title in a third party, under whom he claimed no right.

We find no error in the record and proceedings, and the judgment below must be affirmed with costs.*

*Judgment affirmed.*

* Following is a brief report of a case between landlord and tenant, under the statute of forcible entry and detainer, which was decided at the January Term, 1842, of the Supreme Court—Present, W. A. FLETCHER, *C. J.* and MORELL, WHIPPLE and RANSOM, *Justices.*

### CHAMBERLIN v. BROWN.

The statute, (R. S. 1838, p. 490, § 6,) requires that a landlord should demand possession of premises, in writing, from his tenant, at least twenty days before summary proceedings, under its provisions, to recover the possession.   *Held,* that a demand, *requiring the tenant to quit the premises in ten days,* but which was served twenty days before proceedings instituted, was sufficient.

*Held,* that a suit against a lessee, to recover possession of the demised premises, on account of the non-payment of rent, &c. was properly brought by the lessor in his own name, although he had previously assigned the rents to accrue under the lease, to a third person.

In suits before two justices of the peace, under the statute of forcible entry and detainer, (R. S. 1838, p. 490, ch. 5,) and the act amendatory thereto, (S. L. 1840, p. 83,) the jury are the judges both of the law and the facts.   Misdirection of the court to the jury, cannot, therefore, be assigned for error: But it may be assigned for error that the verdict is against the law.

It seems that the jury are the judges of both the law and the facts, in all courts of special and limited jurisdiction, derived from the statute, and whose proceedings are regulated by the statute, and are not according to the course of the common law.

CERTIORARI to two justices of the peace, to reverse a judgment rendered against Chamberlin, in a proceeding under the statute of forcible entry and detainer, (R. S. 1838, p. 490, ch. 5,) and the act amendatory thereto, (S. L. 1840, p. 83,) instituted by Brown, to recover possession of certain premises leased by him to Chamberlin, on account of the non-payment of rent.   The facts sufficiently appear in the opinion of the court, delivered by

FLETCHER, C. J.   The statute (R. S. 1838, p. 490, § 6,) requires that a landlord should demand possession of the premises in writing, from his tenant, at least twenty days before summary proceedings, under its provisions, to recover possession.   It ap-

PEOPLE *ex. rel.* STRONG *v.* DAVIDSON AND OTHERS, SCHOOL
INSPECTORS OF THE TOWNSHIP OF GREENFIELD.

Under the statute, (S. L. 1840, p. 215, § 25,) empowering the school inspectors of
any township, "to divide the township into such number of districts, and to regu-
late and alter the boundaries of said school districts, as may from time to time be
necessary," they may dissolve one organized district and annex it to another.

MOTION for a *mandamus*, commanding Davidson and
others, school inspectors of the township of Greenfield,
county of Wayne, to pay or cause to be paid to school
district No. 12, in said township, such sum of money as
the district may be entitled to by law, from the common
school fund, and from the fund arising from the taxes of
the township.

It appeared that, November 22, 1842, the respondents
divided district No. 4, in said township, into two districts;
the new district being numbered 12;—that on the first day
of December following, the organization of the new dis-
trict, under the statute, was perfected;—and that, on the

pears from the case, that the notice to quit, served upon Chamberlin, required him to
quit the premises in *ten* days after service, though it appears also that the proceed-
ings were not in fact instituted until more than twenty days after the notice was served.
The plaintiff in error insists that the notice was insufficient; and that the judgment
below ought, therefore, to be reversed.    I think the time specified in the notice, within
which Chamberlin was to quit, does not at all affect his rights, as the twenty days
were actually allowed him before suit.    It was not necessary to mention the time for
quitting, in the notice; and the mention of a shorter time than is specified in the statute,
can in no way affect the rights of the lessee, and is therefore quite immaterial.

2. It appeared on the trial, that before the suit was commenced, Brown assigned
the rents to become due under the lease to one Stuart, and authorized him to collect
and receive the same; and it is insisted that he had, therefore, no right to prosecute
this suit in his own name, but that it should have been brought in the name of Stuart.
The *lease* was not assigned, and we think that proceedings by Stuart to collect the
rent must, therefore, necessarily have been in the name of Brown.

3. It is further insisted, that one of the justices, in charging the jury, committed an
error in matter of law.    This cannot be alleged for error.    The court below was not
court of record, having the right and power to enforce the law on the trial before a
jury.    The jury are sworn to try the cause, according to the law, and the evidence.

13th of the same month, the respondents made an order dissolving the new district, and re-annexing it to district No. 4. The question involved in the case was, whether the respondents had power to make the last mentioned order.

*B. F. H. Witherell*, in support of the motion.

---

If, in consequence of an erroneous charge, the jury should give a verdict against the law applicable to the case, the party seeking a review must make his case by setting forth so much of the evidence as will show that the verdict is against the law. There is a difference in this respect between the proceedings of a court of record, according to the course of the common law, and proceedings in courts of special and limited jurisdiction, not according to the course of the common law, but specially provided for and regulated by statute. In the former case, if the court give an erroneous charge to the jury, which may have influenced their verdict, exceptions may be taken, and the question may be reviewed in an appellate court. The court has exclusive jurisdiction in questions of law, and the jury of the facts. But in the latter case, the jury are the judges of the law and the facts; and the correctness of their verdict, must be tested by an examination of the merits of the case, as presented by the facts apparent upon the return of the justices. It does not appear from the facts presented in this case, that the verdict is not consistent with the law or the merits of the case.

The judgment below must, therefore, be affirmed.

*Romeyn, Emmons & Backus*, argued the cause for the plaintiff in error; and

*A. D. Fraser*, and *D. Stuart*, for the defendant in error.