## THE PEOPLE v. WALLACE WELCH.

*Liquor traffic—Sale to minor—Intent.*

1. There must be an *intent* to violate the law in order to convict for a sale of liquor to a minor, under section 13 of Act No. 313, Laws of 1887.

2. In a prosecution under section 13, Act No. 313, Laws of 1887, proof of the sale of liquor to a minor in a place where liquor was kept for sale makes out a *prima facie* case for the people, which the respondent may rebut by showing that the alleged minor was of full age, or by satisfying the jury that the size and appearance of the boy, coupled with his statement that he was over 21 years of age, led the respondent in *good faith* to believe that he was *not* a minor.

3. When a statute does not make *intent* an element of the offense, but commands an act to be done or omitted which, in the absence of the statute, might have been done or omitted without culpability, ignorance of the fact, or state of things contemplated by the statute, will not excuse its violation.

4. In *People v. Roby*, 52 Mich. 577, the conviction was for not keeping a saloon closed on Sunday, which statutory offense belongs to that class where the *fact* of a violation is conclusive of the *intent* to violate the law.

Exceptions from Berrien. (O'Hara, J.) Argued June 27, 1888. Decided October 12, 1888.

Respondent was convicted of selling liquor to a minor. Conviction reversed and a new trial granted. The facts are stated in the opinion.

*C. B. & A. H. Potter*, for respondent.

*Moses Taggart*, Attorney General, and *George W. Bridgman*, Prosecuting Attorney, for the people.

CHAMPLIN, J. Defendant, who was bartender in a saloon at Benton Harbor, where intoxicating liquors were sold, was convicted of selling spirituous liquors to one Sidney Phillips, a minor under the age of 21 years, and of the age of 17 years. The selling was not controverted.

The only question in the case is whether it is competent for a person charged with this offense to show what the person alleged to be a minor said regarding his age at the time the sale was made; and whether, if he represented himself to be of full age, and the seller made the sale in good faith, relying upon the representations that the minor was of full age, it would be a defense to the action. The statute (section 13, Act No. 313, Laws of 1887) reads as follows:

"It shall not be lawful for any person * * * to sell, furnish, or give any spirituous * * * liquor * * * to any minor. * * * The fact of selling, giving, or

furnishing any liquid in any place where intoxicating liquors are sold, or kept for sale, to any minor, * * * shall be *prima facie* evidence of an intent, on the part of the person so selling, giving, or furnishing such liquid, to violate the law."

The inhibition against the sale of liquors to minors has found a place in all the legislation of this State regulating the traffic since 1875. Until 1881, false representations by the purchaser, in order to obtain liquor, was made a misdemeanor, and punishable as such. In the legislation of 1881 this feature of the law was omitted, and a clause then appeared, for the first time, making the fact of selling, etc., to minors *prima facie* evidence of intent to violate the law. This has since been retained, with slight modification, until it appeared in the law of 1887, above quoted. When the person selling has knowledge that the person purchasing is a minor, the presumption is conclusive that he intended to violate the act.

It is evident, however, that the Legislature had in view that there might exist facts and circumstances attending a sale of liquor to a person, who was in fact a minor, which would show that the seller had no intent of violating the law. A minor who is just approaching his majority may have the appearance of persons much older than 21 years, and if, on being inquired of, should assert that he was of full age, a dealer might sell him liquor in good faith, and without any intention of violating the law.

The plain inference from the language of this section of the statute is that there must be an intent to violate the law in order to convict; otherwise it would be idle to provide that selling to a minor in a certain place should be deemed *prima facie* evidence of an intent to violate the law. If a sale to a minor in a saloon or elsewhere, in ignorance of his being a minor, and under such

facts and circumstances as would warrant an honest, prudent, and cautious man to believe that he was an adult, constitutes an offense punishable under this statute, then the last clause of section 13 had better be stricken out as entirely needless. But the rules of construction require us to give effect to every clause of a statute where it can be done without destroying the sense or effect of the law; and, giving effect to this clause, the people made a *prima facie* case when they proved that the liquor was sold to Phillips in a place where liquors were kept for sale.

But the defendant had a right to rebut and overcome this *prima facie* case by showing that Phillips was in fact 21 years of age, or by satisfying the jury, if he could, that the size and appearance of the boy, coupled with his statement that he was over 21 years of age, led him in good faith to believe that Phillips was not a minor, and that the facts and circumstances were such as would warrant the jury in arriving at the conclusion that the defendant did not intend to violate the law. Phillips was a witness for the prosecution. He was then before the jury, and they had an opportunity of observing his appearance as to age and size. He testified that he was only 17 years of age the June previous. It was competent on the question of age, for the purpose of contradicting the witness, and thus affecting his credibility, to show that he stated at the time he purchased the liquor that he was over 21 years of age.

We think, also, that the defendant had a right to show all that transpired between him and Phillips at the time the liquor was sold as a part of the *res gestæ*, and as bearing upon the criminal intent. What he said concerning his age would not, in and of itself, justify defendant in selling liquor to a minor, and exculpate him from liability for an infraction of the law; but it was testi-

mony which the jury might consider in arriving at their verdict, and they could give it such weight as, under the facts and circumstances, they should consider it entitled to.

In *People v. Garrett*, 68 Mich. 487 (36 N. W. Rep. 234), the defendant knew the boy was a minor and gave him the liquor. This Court held that the intent was plain from this fact; that there could be no mistake about the boy's age. The boy was 14 years old, and it could not be considered that the defendant supposed the boy was 21.

The case of *People v. Roby*, 52 Mich. 577 (18 N. W. Rep. 365), is cited to support the doctrine that intent to violate the statute is not an ingredient of the offense, and that it is immaterial whether the accused intended to violate the law or not. That was a conviction for not keeping a saloon closed on Sunday, and I think was rightly decided. It belongs to that class of offenses created by this act where the fact of violation is conclusive of the intent to violate the law. When a statute does not make intent an element of the offense, but commands an act to be done or omitted which, in the absence of the statute, might have been done or omitted without culpability, ·ignorance of the fact, or state of things contemplated by the statute, will not excuse its violation. *State v. Hartfiel*, 24 Wis. 60, and cases cited in the opinion; *McCutcheon v. People*, 69 Ill. 601; *Farmer v. People*, 77 Id. 322; *Com. v. Boynton*, 2 Allen, 160; *Com. v. Emmons*, 98 Mass. 6; *Com. v. Finnegan*, 124 Id. 324. The cases cited in *People v. Roby*, with reference to sales of liquors to minors, were of this class, and were cited in support of the conviction in that case. The statutes under which those cases arose contained nothing to show that intent constituted an element of the offense.

The question which confronts us here is whether the

Legislature, in making it unlawful to sell liquors to minors, created an offense for which the person selling would be culpable, irrespective of his intent to violate the law. Had the last clause of section 13, above quoted, been wholly omitted, it would not be material to the offense. But the language of that clause plainly infers that the offense cannot be made out without there exists on the part of the accused an intent to violate the law.

The case of *Faulks v. People*, 39 Mich. 200, held that under the act of 1877 an instruction of the court, that it was no defense to a charge of selling intoxicating liquor to a minor that the seller had reason to believe and did believe him to be of age, was clearly wrong; and it was said that "there can be no crime where there is no criminal mind." This opinion was announced in 1878. Then followed the act of 1881 (No. 259), in which the following clause was inserted in the section forbidding the sale of liquor to minors, viz. ·

" The fact of selling, giving, or furnishing any of said liquors to any minor, or to any intoxicated person, or to any person in the habit of getting intoxicated, shall be a *prima facie* presumption of an intent on the part of the person so selling, giving, or furnishing such liquor, to violate the law."

I think it is a fair presumption that this clause was inserted in the act of 1881, because of the above holding in *Faulks v. People;* the Legislature recognizing the law to be as so enunciated with respect to this offense that a criminal intent was necessary to constitute the crime, and hence they prescribed a rule as to what should be *prima facie* evidence of such intent.

This, being a criminal offense, and having received both a judicial and legislative construction, must be interpreted in accordance therewith, until the Legislature shall see fit to amend the law. We cannot, in justice, interpret the law one way as to Faulks, and the contrary way as to

Welch; especially after the Legislature have, by inference, said that the intent to violate the law may be disproved.

It follows that the holding of the court below that criminal intent was immaterial, and excluding testimony tending to rebut the *prima facie* case made by proof of selling in a saloon where liquors were kept for sale, was erroneous, and the conviction must be set aside, and a new trial granted.

The other Justices concurred.