## THE PEOPLE v. CALVIN HALL.

*Criminal law—Larceny—Admissions of counsel—Charge to jury.*

A respondent cannot be convicted of larceny upon the admissions of his counsel, and it is error in such a case to instruct the jury either that the respondent took the property with felonious intent, or that the jury must find him guilty of the offense charged.

Error to Tuscola. (Beach, J.) Submitted on briefs May 6, 1891. Decided May 15, 1891.

Information for larceny. Conviction reversed. The facts are stated in the opinion.

*L. H. Corcoran*, for respondent.

*A. A. Ellis*, Attorney General, for the people.

McGRATH, J. Defendant was tried and convicted of stealing a given number of sheep, of the value of $27. His plea was not guilty. The owner testified to the loss of the sheep, and a butcher and one of the men in his employ testified to the purchase of the same number and description of sheep from defendant, and to the presence of a metal ear-tab, which was identified by the owner. No other testimony was offered as to the taking, and defendant offered no testimony. The court instructed the jury as to the taking as follows:

"It is admitted that he is guilty of the theft of those animals; that is, so far as the question of theft is concerned, that is disposed of, practically, because the counsel admits that there is no defense to be made upon that question. Mr. Hall actually took those sheep with felonious and larcenous intent. * * * The only remaining question is the value of this property. In returning your verdict of guilty, you will return what you assess the value of this property to be."

Error is assigned upon this instruction.

A conviction in a criminal case, involving the question of intent, cannot be predicated upon the admissions of counsel, and it is error in such case to instruct the jury either that the defendant took the property with felonious intent, or that the jury must find the defendant guilty of the offense charged. In this case the Court did both. The rule laid down in *People v. Neumann*, 85 Mich. 98, is limited to cases "where there is no question of

intent." It is unnecessary to notice the other assignments of error.

The conviction must be set aside, and a new trial granted.

The other Justices concurred.