## The People v. Clarence L. Fairchild.

*Indictment—Diversion of public funds—Evidence.*

Respondent was indicted for using a sum of money appropriated by the board of supervisors of his county to his township, to be by him expended as supervisor thereof in improving the roads and bridges therein, to secure his re-election to said office. On the trial the people, after proving that the money was appropriated and received by the respondent, rested. The respondent offered to show affirmatively that the money was expended in good faith upon the roads in the township, but the circuit judge rejected the testimony, and directed a verdict of guilty, on the theory that, the appropriation being unauthorized, it was immaterial to what use it was put by the respondent. And it is held that the gist of the offense charged in the indictment is that of diverting the fund from the source to which it was devoted by the order of the board of supervisors, and using it for corrupt purposes, the indictment treating said order as fully authorized and valid, and that the court erred in rejecting said testimony.

Exceptions before judgment from Bay. (Maxwell, J.) Submitted on briefs May 8, 1895. Decided May 21, 1895.

Respondent was convicted of the crime of larceny. Conviction reversed, and new trial granted. The facts are stated in the opinion.

*Simonson, Gillett & Courtright,* for respondent.

*Fred A. Maynard,* Attorney General, and *Isaac A. Gilbert,* Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted on an indictment charging that he was, in the year 1892-93, supervisor of the township of Mt. Forest, Bay county; that at a meeting of the board of supervisors in October, 1892, a committee report, recommending that there be

appropriated from the contingent fund of Bay county the sum of $300, to the township of Mt. Forest, to be expended by the supervisor of the township, was adopted. The indictment then proceeds as follows:

"And that the said Clarence L. Fairchild afterwards received from the county treasurer of Bay county the said sum of $300; that he, the said Clarence L. Fairchild, did not use the said sum of $300 for the purpose of improving the roads and bridges in the township of Mt. Forest aforesaid, but unlawfully and fraudulently did afterwards, to wit, a few days before the annual spring election in the month of April, A. D. 1894, with intent to secure his re-election as supervisor of said township, and with intent to defraud the people of the county of Bay, hire and engage a large number of non-residents to go to the township of Mt. Forest, to register as voters therein, and to vote for him, the said Clarence L. Fairchild, as such supervisor; that the sum of $300, or the greater part thereof, was used by the said Clarence L. Fairchild for no other purpose than securing his re-election as aforesaid, and not for the purpose contemplated by the board of supervisors when said appropriation was made.

"And the grand jury, therefore, say that he, the said Clarence L. Fairchild, did then and there receive, and that there was then and there delivered to him, the said Clarence L. Fairchild, $300 in money, of the value of $300 in money, of the goods, chattels, and property of the county of Bay, and that he, the said Clarence L. Fairchild, did then and there, in manner and form as aforesaid, fraudulently convert the said $300 to his own use."

On the trial the prosecution proved the adoption of the committee report, and that respondent received the money from the county treasurer on an order drawn by the clerk, and this proof was deemed by the circuit judge sufficient to warrant a conviction. The defense offered to show affirmatively that the money was expended in good faith on the roads of the township, but this testimony was refused, and the circuit judge directed a verdict of guilty.

The conviction was clearly against the rights of the respondent. The view of the circuit judge seems to have

been that the order of the board of supervisors was unauthorized, and that, therefore, it was immaterial how the money was expended. But the indictment is not framed on any such theory. The gist of the offense charged is very clearly that of diverting the fund from the source to which it was devoted by this order of the board, and its use for corrupt purposes, the indictment treating the order of the board as fully authorized and valid.

The conviction will be set aside, and a new trial ordered.

The other Justices concurred.