(39 Misc. Rep. 636.)

## In re CULLINAN, State Com'r of Excise.

(Supreme Court, Special Term, Kings County. January, 1903.)

1. INTOXICATING LIQUORS—VACATING CERTIFICATE.

Under Liquor Tax Law 1896, c. 112, § 28, as amended by Laws 1901, c. 640, providing that a certificate holder must see to it that violations are not committed by his bartender or other agent, it is no defense to a proceeding to revoke the liquor tax certificate on the ground of illegal sales for the holder to allege that the bartender made the sales contrary to her express injunction.

Application by Patrick W. Cullinan, state commissioner of excise, for an order revoking a liquor tax certificate issued to Agnes McCue. Certificate revoked.

H. H. Kellogg, for petitioner.

James & Thomas H. Troy, opposed.

MAREAN, J. The defendant left a bartender in charge of the bar-room. He made sales in violation of law. I think it no answer that he did so contrary to her express injunction. Such an injunction, if not express, is always implied, so the case does not differ in principle from thousands in which certificates have been revoked. The certificate holder must see to it that violations are not committed by his bartender or other agent. Liquor Tax Law (Laws 1896, c. 112) § 28, as amended Laws 1901, c. 640. However drastic the remedy there provided may be, it was within the power of the Legislature, and the language of the statute is too plain to be evaded on any pretext. The provision in question was necessary to make the law effective, since it would be very difficult in any case to show that the barkeeper acted with actual authority or approval of the certificate holder. The certificate is revoked.

Certificate revoked.