PEOPLE v. POSSING.

1. CRIMINAL LAW — INTOXICATING LIQUORS — SUNDAY CLOSING — ACTS OF AGENTS.

In a prosecution for keeping a saloon open on Sunday, it is no defense that the saloon was opened by respondent's bartender without authority and contrary to his instructions.

2. INTOXICATING LIQUORS—INFORMATION—LANGUAGE OF STATUTE.

An information in the language of the statute for violating the liquor law is sufficient.

3. INDICTMENTS AND INFORMATIONS—VARIANCE — SUNDAY CLOSING —ACTS OF AGENTS.

Evidence that respondent's saloon was kept open by his agent was not at variance with an information charging, in the language of the statute, that he " did not then and there keep his saloon closed, but, on the contrary, he did then and there keep his said saloon open," as respondent was held responsible, not for the act of his agent in opening, but for his own neglect to keep it closed.

Exceptions before judgment from Leelanaw; Mayne, J. Submitted June 17, 1904. (Docket No. 190.) Decided July 16, 1904.

Joseph Possing was convicted of violating the liquor law. Affirmed.

A. F. Bunting, for appellant.

C. L. Dayton, Prosecuting Attorney, for the people.

CARPENTER, J. Respondent is a saloon keeper. He

was convicted of keeping his saloon open on Sunday, August 10, 1902. He contends that a verdict should have been directed in his favor, because his bartender opened the saloon without authority and contrary to his instructions. *People* v. *Lundell*, 136 Mich. 303 (99 N. W. 12), *People* v. *Roby*, 52 Mich. 577 (18 N. W. 365, 50 Am. Rep. 270), and *People* v. *Welch*, 71 Mich. 552 (39 N. W. 747, 1 L. R. A. 385), are authorities against this contention.

It is also contended that there was a variance between the information—which charged that respondent "did not then and there keep his saloon closed, but, on the contrary, he, the said Joseph Possing, did then and there keep his saloon open"—and the evidence, which shows that the saloon was kept open, not by respondent personally, but by his bartender, his agent. This contention cannot prevail. The information is in the language of the statute (section 5395, 2 Comp. Laws), and is therefore sufficient. See Tiffany's Criminal Law (4th Ed.), 463. The statute, as we have held (see *People* v. *Lundell*, supra), "imposes upon the keeper of a bar or saloon the affirmative duty to see that it is closed, * * * and that the neglect of this duty is an offense." The theory of the law as thus shown is that the respondent is held criminally responsible, not for the act of his agent in opening the saloon, but for his own neglect to keep it closed.

The conviction is affirmed.

The other Justices concurred.