PEOPLE *v.* DAMSKEY.

1. INTOXICATING LIQUORS—SALOONS—SUNDAY.

The statute (2 Comp. Laws, § 5395, 2 How. Stat. [2d Ed.] § 5074), makes it incumbent on one who conducts a saloon for the retailing of intoxicating liquors to keep it closed on Sunday, at his peril.[1]

2. SAME—TRESPASSER—INTENT.

The act of a hotel keeper's son in entering his barroom, run in connection with the hotel, to obtain a wrench on Sunday, the son being married and living away from home but having freedom of access to saloon and hotel, and retaining a key of the saloon, rendered the proprietor liable to criminal prosecution under the statute, since the son was not a trespasser.

3. SAME—CONSTITUTIONAL LAW—JURY TRIAL.

Upon the uncontradicted facts admitted by the respondent, the trial court was justified in charging the jury that he was guilty, permitting the jurors to retire and make up their verdict; no question of intent was involved which raised any issue of fact.

Exceptions before sentence from the superior court of Grand Rapids; Stuart, J. Submitted April 23, 1914. (Docket No. 167.) Decided June 1, 1914. Rehearing denied December 19, 1914.

Frank S. Damskey was convicted of violating the law relating to the keeping of saloons closed on Sunday. Affirmed.

*Grant Fellows,* Attorney General, *Earl F. Phelps,* Prosecuting Attorney, and *Louis T. Herman,* Assistant Prosecuting Attorney, for the people.

*Lombard, Hext & Washburn,* for respondent.

[1] As to opening saloon during prohibited hours for purposes other than sale of liquor, see note in 36 L. R. A. (N. S.) 167.

BIRD, J. The respondent, who was the proprietor of the Western Hotel in the city of Grand Rapids, was informed against and convicted of the offense of failing to keep his saloon closed on a certain Sunday in August, 1913. To establish the guilt of the respondent, the people showed that respondent's son was in the saloon on the day in question. This was admitted by the respondent, but he insisted that the act of the son in entering the saloon was without either his knowledge or consent, and that in so doing the son was a trespasser, for whose act he would not be responsible.

It appears that the son was 24 years of age, that he was married, and that he neither lived nor was employed at the hotel. He had previously, while living at home, worked in the saloon, and at one time, while he was at school, the license was taken out in his name, but for two years previous to this happening he had had no connection with it, although it appears that he had retained a key to the barroom. He testified that on the Sunday in question he came from his home to the hotel to get his motorcycle; that in making repairs on it he needed a wrench, and, being aware that his father kept one among his tools behind the bar, he unlocked the door and went into the saloon and got it.

It is urged on behalf of respondent that under these circumstances the son was a trespasser, and, if he were, respondent was wrongfully convicted. The statute makes it incumbent upon one conducting a saloon where intoxicating liquors are sold to keep it closed on Sunday (2 Comp. Laws, § 5395, 2 How. Stat. [2d Ed.] § 5074). In construing this section, this court has held that he must do so at his peril. *People v. Roby,* 52 Mich. 577 (18 N. W. 365, 50 Am. Rep. 270); *People v. Welch,* 71 Mich. 548 (39 N. W. 747, 1 L. R. A. 385); *People v. Lundell,* 136 Mich. 303 (99 N. W. 12); *People v. Kriesel,* 136 Mich. 80 (98 N. W. 850, 4 Am. & Eng. Ann. Cas. 5); *People v. Possing,*

137 Mich. 303 (100 N. W. 396). Had it been established that the son was a trespasser on the Sunday in question, we should feel bound to give respondent's argument serious consideration, but we do not think it so appeared. Had the law been violated in like manner two years previous, while the son was living at home, there would have been no room for such a contention. It is quite evident that the relations which existed between him and his parents had changed but very little since his going away. He kept some of his property at the hotel and retained a key to the saloon. His entrée to the hotel appeared to be as free and unobstructed as though it were still his home. The freedom which he exercised in going into the saloon was based upon his relations with his parents. We do not think it can be said, under these circumstances, that the son was a trespasser, and especially in view of the fact that the respondent himself was then at the hotel.

Both sides asked for an instructed verdict. The trial court granted the prosecutor's request, and in doing so made use of the following language:

"Therefore, I will instruct you, there being no questions of fact in the matter to be decided, the court instructs you to find the respondent guilty. You will retire to your jury room and select a foreman and return with a verdict of guilty."

"In this case, the main question is, and the only question is, whether Mr. Damskey, the young man, by going in there made the respondent liable. The court holds that he did. You will return to the jury room and bring in a verdict of guilty."

Error is assigned on these instructions because it is said they deprived the respondent of his constitutional right to have a jury pass upon his guilt. In *People* v. *Neumann*, 85 Mich. 98 (48 N. W. 290), where a similar question was raised, the court said:

"Whenever there is no question of intent in a crim-

inal case, and no inferences, about which reasonable men might differ, to be drawn from the facts, and where, upon the admitted facts, the only question to be determined is whether under the law the statute has been violated, the trial judge may, with perfect propriety, state to the jury that the law applied to the facts, which are undisputed, shows the defendant to be guilty of the offense charged, and that it is their duty so to find under the facts and the law."

It was conceded by both parties that there was no question of fact involved, and under the statute there was no question of intent involved. There was nothing for the trial court to do but to apply the law to the facts, and instruct the jury what their duty was in the premises. The jury were permitted to retire, and they returned with a verdict in accordance with their instructions. We think no error was committed. *People* v. *Gardner*, 143 Mich. 104 (106 N. W. 541).

The conviction is affirmed, and, as the case is here on exceptions before sentence, the trial court will proceed to judgment.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.