PEOPLE *v.* HEIKKALA.

1. CRIMINAL LAW—WHERE FACTS UNDISPUTED AND INTENT NOT INVOLVED TRIAL JUDGE MAY INSTRUCT JURY THAT THEY SHOULD RENDER A VERDICT OF GUILTY.

A trial judge, having properly applied the law to the facts in a criminal case in which intent is not involved, and where the facts are undisputed, may say to the jury that it is their duty to bring in a verdict of guilty, but he may go no further and peremptorily direct or compel such verdict, which must be the verdict of the jury and

On right of court in criminal case to direct a verdict of guilty, see note in 22 L. R. A. (N. S.) 304.

On homicide by wanton or reckless use of firearm without express intent to inflict injury, see notes in 5 A. L. R. 603; 23 A. L. R. 1554.

On effect of absence of intent to do harm in homicide by misadventure, see note in 3 L. R. A. (N. S.) 1155.

not that of the judge, and the rule is the same whether such undisputed evidence has been adduced by the State alone or by both the State and the defendant.

2. SAME — TRIAL—INSTRUCTIONS—MANSLAUGHTER—STATUTORY OFFENSE—WHERE INTENT INVOLVED DIRECTED VERDICT ERRONEOUS NOTWITHSTANDING EVIDENCE UNDISPUTED.

In a prosecution for manslaughter by the discharge of a firearm pointed or aimed intentionally but without malice, under 3 Comp. Laws 1915, § 15234, the trial court was in error in instructing the jury that it was their duty to render a verdict of guilty although the evidence was undisputed, since the question of intent in pointing or aiming the firearm must be found, and this was within the province of the jury.

3. SAME—WHERE INTENT INVOLVED REQUESTED INSTRUCTION AS TO PRESUMPTION OF INNOCENCE SHOULD HAVE BEEN GIVEN.

Since the question of intent was involved, the trial court was in error in refusing a requested instruction relative to the presumption of innocence.

Exceptions before judgment from Chippewa; Fead (Louis H.), J. Submitted January 18, 1924. (Docket No. 141.) Decided March 5, 1924.

Filmore Heikkala was convicted of manslaughter. Reversed.

*McDonald & Kaltz,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *M. M. Larmonth,* Prosecuting Attorney, for the people.

CLARK, C. J. Defendant, on exceptions before sentence, challenges the validity of his conviction of manslaughter on two grounds, that a verdict of guilty ought not to have been directed, and that, being so requested, the judge ought to have instructed the jury relative to the presumption of innocence.

The charge was laid under 3 Comp. Laws 1915, § 15234:

"Any person who shall maim or injure any other person by the discharge of any fire-arm pointed or

aimed, intentionally but without malice, at any such person, shall be guilty of a misdemeanor, and shall be punished by a fine of not less than fifty dollars, or imprisonment in the county jail for a period of not more than one year; and if death ensue from such wounding or maiming, such person so offending shall be deemed guilty of the crime of manslaughter."

When arraigned, defendant stood mute, and a plea of not guilty was entered by the court.     The facts, as testified to by witnesses, including defendant, were not disputed.     We quote from the charge:

\* \* \* "it becomes my duty, gentlemen, to instruct you to render a verdict of guilty in this case.

"The court in a criminal case has no right to require a verdict of guilty from the jury; that is to say, has no right to take the verdict without the consent of the jury, but it is the duty of the court to permit the jury to render a verdict. However, gentlemen, I charge you that it is your duty in this case as jurors to render a verdict of guilty."

The jury retired and returned into court and announced a verdict of guilty.

The right of a trial judge to direct a verdict of guilty in a criminal case is a question on which the decisions of this court cannot be harmonized.     Cases sustaining, or tending to sustain, such right are *People v. Damskey*, 180 Mich. 664; *People v. Lyng*, 74 Mich. 579; *People v. Ackerman*, 80 Mich. 588; *People v. Richmond*, 59 Mich. 570; *People v. Elmer*, 109 Mich. 493; *People v. Kirsch*, 67 Mich. 539; *People v. Gardner*, 143 Mich. 104; *People v. Neal*, 143 Mich. 271; *People v. Schottey*, 116 Mich. 1.     For a review of Michigan cases and statement of a rule of other jurisdictions, see note 22 L. R. A. (N. S.) 304.     Following cases are instructive:     *Chamberlin v. Brown*, 2 Doug. 120; *Kempsey v. McGinniss*, 21 Mich. 123; *Hamilton v. People*, 29 Mich. 173; *People v. Waldvogel*, 49 Mich. 337.     In a late case, *People v. Lathers*, 223 Mich. 92, it was held:

"Under such unqualified command of the court, retirement of the jury served no purpose and was but an idle ceremony.    Instead of telling the jury what it was their duty to decide as a matter of law, the court told them it was his duty to order a verdict of guilty, and so commanded.

"Such mandatory method of divesting the jury of all responsibility in a criminal case, even where it is proper for the court to tell them what their duty is, has more than once been a subject of criticism although, on the theory no miscarriage of justice was apparent, verdicts of that class have been sustained where all the essential facts were undisputed, following the liquor case of *People* v. *Neumann*, 85 Mich. 98, where conviction was sustained, but the court there laid down the true rule for the trial court's guidance as follows:

" 'The trial judge may, with perfect propriety, state to the jury that the law applied to the facts, which are undisputed, shows the defendant to be guilty of the offense charged, and that it is their duty to so find under the facts and the law. But it has been repeatedly held that he cannot in so many words direct them that they must bring in a verdict of guilty; and that they are at liberty to find otherwise, if they see fit, under the Federal Constitution, which guarantees to every accused person—

" ' "The right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed."

" 'And verdicts have often been set aside when directed by courts in opposition to this right.    See *United States* v. *Taylor*, 11 Fed. 470, and cases there cited.' "

And in *People* v. *Chyc*, 219 Mich. 273, 282:

"It was the right of the trial court to instruct the jury that under the law as applied to undisputed facts disclosed by the evidence it was their duty to find defendant guilty, 'unless the jury for some reason apparent on the trial is not able to believe the witnesses,' and to admonish them as to their plain duty in the premises.    While so admonishing the court emphasized by reiteration that the court could not and did not direct a verdict of guilty but it was the right and duty of the jury to determine and say whether defend-

ant was guilty or not guilty under one or both counts. There was no direction of a verdict or coercion violating defendant's constitutional right to trial by jury. It is true there was some intimation of opinion in the instructions given, but it was rather in the nature of an admonition that the undisputed and consistent testimony of unimpeached witnesses should not be lightly disregarded through whim or prejudice, or without some good reason apparent on the trial. The court did not relieve the jury of responsibility by assuming to direct a verdict, but plainly advised it was for them and not the court to determine and declare whether the accused was or was not guilty."

And in *People* v. *Flemming*, 221 Mich. 609, 617:

"The court committed no error in instructing the jury that as a matter of law it was their duty under the undisputed testimony to find defendant guilty, if they believed the witnesses who gave it. In so doing he distinctly told them in direct and plain terms which the dullest could not misunderstand that the court could not usurp their province by directing a verdict, but after instructing them as to their duty under the law, if they believed beyond any reasonable doubt the undisputed testimony of the witnesses, the court could not command what verdict they should render, that the responsibility and right to determine what their verdict should be rested with them."

And see *People* v. *Doyle*, 160 Mich. 423; *People* v. *North*, 153 Mich. 612; *People* v. *Curry*, 163 Mich. 180 (30 L. R. A. [N. S.] 892); *People* v. *Remus*, 135 Mich. 629; *People* v. *Worges*, 176 Mich. 685; *People* v. *Collison*, 85 Mich. 105; *People* v. *Hatinger*, 174 Mich. 333; *People* v. *Rose*, 218 Mich. 642. A verdict of acquittal cannot be set aside. Therefore, if a judge may direct a verdict of guilty, he can do indirectly what he has no power to do directly. *Sparf* v. *United States*, 156 U. S. 51 (15 Sup. Ct. 273); *People* v. *Warren*, 122 Mich. 504 (80 Am. St. Rep. 582). The holdings above quoted state the present and correct rule in this State.

The rule may not be applied in cases involving intent. See *People* v. *Neumann, supra; People* v. *Hall,* 86 Mich. 132; *People* v. *Warren, supra; People* v. *Talbot,* 196 Mich. 520; *People* v. *Howard,* 179 Mich. 478; *People* v. *Elmer, supra; People* v. *Fairchild,* 105 Mich. 437.    But see *People* v. *Hawkins,* 106 Mich. 479; *People* v. *Mortimer,* 48 Mich. 37.

A trial judge, having properly applied the law to the facts in a criminal case in which intent is not involved, and where the facts are undisputed, may say to the jury that it is their duty to bring in a verdict of guilty, but he may not go further and peremptorily direct or compel such verdict.    The responsibility for the verdict must be left with the jury.    It must be their verdict, not the verdict of the judge.    Whether such undisputed evidence has been adduced by the State alone, or by both the State and the defendant, the rule is the same.    The plea of not guilty having been entered and being undetermined, finding a verdict is for the jury.    *State* v. *Hill,* 141 N. C. 769 (53 S. E. 311) ; *State* v. *Reed,* 52 Or. 377 (97 Pac. 627) ; *United States* v. *Taylor, supra; State* v. *Winchester,* 113 N. C. 641 (18 S. E. 657) ; *Lucas* v. *Commonwealth,* 118 Ky. 818 (82 S. W. 440) ; *State* v. *Godwin,* 145 N. C. 461 (59 S. E. 132, 122 Am. St. Rep. 467).

The offense here charged is purely statutory. Necessary elements of the offense to be found before conviction are, that the firearm was pointed or aimed at the person intentionally, that it was discharged without malice, and that the death ensued.    *People* v. *Chappell,* 27 Mich. 486.    While intent is not an ingredient of the killing itself, the intentional pointing or aiming of the firearm must be found.    The presence of this question of intent takes this case out of the rule above stated.    Hence the charge is erroneous.    If intent were not involved, the facts being undisputed, the last two sentences of the charge would not be

objectionable, but the first sentence would be objectionable as peremptorily instructing a verdict of guilty, and it could not be said that the defendant was not prejudiced.    And where the constitutional right of an accused to have the verdict of a jury has been invaded, we ought not to say that there has been no miscarriage of justice.    It follows that an instruction, requested, relative to the presumption of innocence ought to have been given.    *People* v. *DeFore*, 64 Mich. 693 (8 Am. St. Rep. 863) ; *People* v. *Rogulski*, 181 Mich. 481.

Reversed.    New trial granted.

McDONALD, BIRD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred.    STEERE, J., took no part in this decision.