PEOPLE *v.* DU SHANE.

1. ARREST—WITHOUT WARRANT—INTOXICATION IN PUBLIC PLACE.
   Where police officers found defendant intoxicated in a
   public place, they were justified in arresting him without
   a warrant.

2. INTOXICATING LIQUORS—SEARCHES AND SEIZURES — MOTION TO
   SUPPRESS PROPERLY DENIED.
   Intoxicating liquor, found on defendant's person when he
   was arrested without a warrant for intoxication in a
   public place, was not obtained in violation of his con-
   stitutional rights, and therefore a motion to suppress same
   as evidence of his violation of the prohibition law was
   properly denied.

3. SAME—CRIMINAL LAW—HARMLESS ERROR.
   In a prosecution for illegal possession of intoxicating
   liquors, where it is undisputed that liquor was found on
   defendant's person and the court might well have in-
   structed the jury that it was their duty to convict, the
   admission of incompetent testimony is *held,* not preju-
   dicial.

Exceptions before judgment from Ottawa; Cross (Orien S.), J.    Submitted June 16, 1927.    (Docket No. 101.)    Decided July 29, 1927.

Charles Du Shane was convicted of violating the liquor law.    Affirmed.

*Alexis J. Rogoski,* for appellant.

*William W. Potter,* Attorney General, and *Clarence A. Lokker,* Prosecuting Attorney, for the people.

CLARK, J.    Defendant, on exceptions before sen-
tence, contends that his conviction of possessing in-
toxicating liquor should be set aside for two reasons:

[1]Arrest, 5 C. J. § 31; 2 R. C. L. 454; [2]Id., 5 C. J. § 74; Criminal
Law, 16 C. J. § 1110; [3]Criminal Law, 17 C. J. § 3663.

· 1. That his arrest and the incidental search of his person violated his constitutional right to be secure against unreasonable searches and seizures, and that the court, on motion, ought to have suppressed the evidence.  The arresting officers testified that they found defendant intoxicated in a public place.  Defendant denied having been intoxicated.  The court found the truth to be with the officers.  The denial of the motion, so supported, must stand.  That an officer, in such circumstances, may arrest without warrant and may make the incidental search, needs no citation of authority.

2. That prejudicial testimony was admitted.  Admittedly defendant possessed the intoxicating liquor.  The court might well have instructed the jury that it was their duty to convict, as indicated in *People* v. *Heikkala*, 226 Mich. 332.  Therefore the testimony is held to be without prejudice.

Judgment advised.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.