## THOMAS P. BLAKESLEE
*vs.*
## E. GAYNOR BRENNAN ET AL.

Superior Court     New Haven County     File No. 59003

MEMORANDUM FILED DECEMBER 18, 1940.

*James F. Fahy,* of New Haven, for the Plaintiff.

*Francis A. Pallotti,* Attorney General, and *Harry L. Brooks,* Assistant Attorney General, for the Defendants.

MUNGER, J. The plaintiff appeals from a suspension of his permit by the Liquor Control Commission on April 26, 1940, after hearing had on the previous day. It is said that the suspension was unreasonable and arbitrary and there was no material or competent testimony present bearing upon any violation of the Liquor Control Act.

It is conceded that this court has no power in the premises unless the action of the commission was unreasonable, illegal or arbitrary.

It appears that one Katherine Singleton was an employee of the plaintiff. On February 25, 1940, which was on a Sunday, the evidence discloses that said Katherine Singleton sold a bottle of liquor on the premises occupied by the plaintiff, who was a permittee. Thereafter Katherine Singleton was convicted in the Court of Common Pleas for New Haven County, having been charged with selling liquor on February 25, 1940, without a permit. A fine was imposed and paid. It thus appears that the violation of law in the illegal sale of this liquor was made on Sunday.

Under section 971e of the 1939 Supplement to the General Statutes, the right of the Liquor Commission to suspend a permit as well as to revoke it was granted.

It does not avail the plaintiff that he himself was not convicted for any violation of the liquor law. It is very generally held that the licensee or permittee is to be held responsible for the illegal act of his servant or bartender and if a violation of law is committed by his servant in the ordinary course of business the licensee or permittee may be convicted.

The licensee "is liable for violations of the liquor laws committed by his servant or agent while pursuing the ordinary business intrusted to him, although such violations are committed in the absence of the principal or master, and without his knowledge, consent, or authority, or even in violation of his instruction." 33 C.J. *Intoxicating Liquors* §244, p. 613. *See, also, People vs. Lundell*, 136 Mich. 303; *People vs. Possing*, 137 id. 303; *State vs. Constatine*, 43 Wash. 102; *Matter of Cullinan*, 39 Misc. 636, 80 N.Y.S. 607; *State vs. Potter*, 125 Mo. App. 465; *Commonwealth vs. Perry*, 148 Mass. 160.

There can be no question but this rule of law above stated is that which generally prevails. Moreover the plaintiff's appeal must be held unavailing by virtue of the rule laid down in our own State in the case of *Rose vs. Liquor Control Commission*, 124 Conn. 689. In that case the plaintiff permittee was not convicted. The sale had been made by the bartender in violation of his previous instructions and the bartender was convicted and fined. The court held that it was within the power of the commission to revoke the permit. The sale was made to a minor and the opinion states (p. 690): "The statute makes plain the legislative policy that alcoholic liquor should not be sold to minors and that the responsi-

bility for making effective this prohibition rests upon the holders of permits. The action of the commission in revoking the permit in this instance was in strict accord with that policy and cannot be regarded as an abuse of discretion."

It does not appear that any action of the commission in suspending the permit of the plaintiff was arbitrary, illegal or unreasonable. Judgment must be rendered for the defendants.