THE PEOPLE v. AUGUST WALDVOGEL.

*Closing saloons on Sunday—Intent of dealer.*

Act 259 of 1881 requiring saloons to be kept closed on Sunday is
violated if a saloon is allowed to be open whether for the sale of
liquor, for cleaning up, or for any other business purpose; and the
question of the proprietor's intent is immaterial.

The jury must accept the law from the court and be governed thereby.

Exceptions before judgment from Calhoun.   Submitted
October 19.   Decided October 20.

INFORMATION under Act 259 of 1881 for keeping saloon
open on Sunday.   Respondent was convicted below.   Excep-
tions overruled.

Attorney General *Jacob J. Van Riper* for the People.
The jury are not judges of the law, but are to receive the
law from the court: Co. Litt. 155–6: Greenl. Ev. § 49;
*Hamilton v. People* 29 Mich. 173; *Com. v. Porter* 10 Met.
263; *Pierce v. State* 13 N. H. 536.

*Rienzi Loud* for respondent.   There can be no crime
where there is no criminal intent: *Pond v. People* 8 Mich.
150; 1 Bish. Cr. L. 364; under statutes against keeping
stores open on the Lord's Day, it is immaterial that the door
has been left open unless the occupant is within and ready
to do business: 2 Bish. Cr. L. § 942; *Com. v. Harrison* 11
Gray 308; *Com. v. Lynch* 8 Gray 384.

MARSTON, J.   The respondent was charged with, and
convicted of, keeping open his saloon on Sunday, Novem-
ber 6th, contrary to the statute.   The case comes here on
writ of error and two questions are raised.

The fact that the doors of the saloon were open on the
day mentioned and that several people were in the saloon
was not disputed.   The claim made was that these people

49 MICH.—22

were in there assisting the respondent in washing and cleaning the saloon, and that no liquor was sold nor was there any intention of selling any. The court was requested to instruct the jury, that unless they found "the defendant was in his place of business for the purpose of carrying on his business of liquor-selling they must acquit." Also : "that if they found he was there for the purpose of cleaning out his saloon, and not for dealing in liquor-selling, the criminal intent is wanting and the defendant must be acquitted ;" and also that a criminal intent must be found or the defendant acquitted. These requests were refused, and the court instructed the jury that if "the defendant kept his saloon open, or had it open so that the public could enter if they chose, he would be guilty."

The statute is clear and explicit that all such places shall be closed on the first day of the week, commonly called Sunday, and provides that in prosecutions it shall not be necessary to prove that any liquor was sold. Act 259, Laws 1881, § 5.

The question of intent is wholly immaterial under this statute. The Legislature, in order to guard against the danger of sales being made, has directed that the place where liquors are kept shall be closed, so that no opportunity to violate, by making sales, shall be afforded. The person who engages in the business of carrying on a saloon must at his peril see that no necessity exists for keeping the same open, by carrying on any other business therein, which would require the doors to be open or for persons to enter therein. There is no ambiguity in this statute. The places named must be closed and cannot by the proprietor thereof be kept open for any business purpose of any kind. *Kurtz v. People* 33 Mich. 282.

The other question requires no consideration. The jury must accept the law from the court, and it is their duty to be governed thereby.

The court must be directed to proceed to judgment.

The other Justices concurred.