THE PEOPLE v. TIMOTHY CROWLEY.

*Criminal law—Open saloon on Sunday—Allowing bar-tender to procure drink.*

1. A bar-tender has no more business in the saloon to get a drink on Sunday than any other person.

2. The testimony of a bar-tender that he went into the saloon on Sunday, and got a glass of beer, no one else being present, is sufficient to warrant the conviction of the keeper of the saloon for failing to keep his saloon closed on Sunday.

Exceptions before judgment from superior court of Grand Rapids. (Burlingame, J.) Argued February 10, 1892. Decided February 19, 1892.

Respondent was convicted of failing to keep his saloon closed on Sunday. Conviction affirmed, and court advised to proceed to judgment. The facts are stated in the opinion.

*L. E. Carroll,* for respondent, contended:

1. The respondent and his bar-tender were lawfully in the saloon on the day in question; citing *People v. Minter,* 59 Mich. 558.

*A. A. Ellis,* Attorney General, for the people.

*William F. McKnight,* Prosecuting Attorney, for the people, contended:

1. The statute is clear and explicit that all saloons where liquors are kept for sale, either at wholesale or retail, shall be closed on the first day of the week, commonly called "Sunday" (Act No. 313, § 17, Laws of 1887, 3 How. Stat. § 2283e), which statute is a re-enactment of How. Stat. § 2274, which was construed in *People v. Waldvogel,* 49 Mich. 337, in which case the Court held that the question of intent was wholly immaterial, and that the Legislature, in order to guard against the danger of sales being made, has directed that the place where liquors are kept shall be closed, so that no opportunity to violate the law by making the sales shall be afforded.

MORSE, C. J. The defendant is in business at No. 142 Grandville avenue, in the city of Grand Rapids. His saloon, grocery store, and dwelling are adjoining and connected. The store is between the saloon and the dwelling. He was convicted of the offense of keeping his saloon open and not closed on Sunday, the 14th day of December, 1890.

The evidence on the part of the people was confined to one person, a constable, who testified that he looked into the saloon twice on that day,—once at 4:30 P. M., and again at 7:30 P. M. When the officer was first there he saw the defendant go in behind the bar, and take up some glasses and a bottle, and work the beer-pump, and then go back of the screen. Could not swear that he was pumping beer. Heard several voices, but did. not see any one except Crowley. The last time he did not see him have any bottle or glasses,—merely saw him working the beer-pump. Heard voices at this time, but saw no one but defendant.

The defendant testified that he lived with his sister and her daughter and his father; that he was in the saloon that afternoon, reading; and that he went to the beer-pump and drew some beer. He may have drawn two or three glasses of beer for himself. Remembers that his bar-tender came in and got a lantern to take out with him to care for the horses. Don't know whether the bar-tender drank anything or not. Defendant says that his sister or her daughter might have been in the saloon after water, as the water used in the household is obtained from a faucet in the saloon; that, with these exceptions, there was no one in the saloon that afternoon or evening; and that he was not in the saloon after 5 o'clock P. M. The bar-tender testified that he went into the saloon. Went to Crowley's about 4:30 P. M., to take care of the horses. Went in the saloon to get a lantern.

Crowley was there, and no one else.   After 7 he went in the saloon, and no one was there.   Got a cigar and a drink of beer, and went away.

The defendant was properly convicted upon the evidence of the bar-tender alone.   The bar-tender had no more business in the saloon to get a drink on Sunday than any other person.

It is not necessary to pass upon the right of the defendant to be in his own saloon and to drink beer while in there.   The members of the household would have the right, under the circumstances, to go in there for water, as would the defendant.   It has never been held by this Court that a saloon-keeper could not enter his saloon on Sunday for necessary purposes.

Fault is found with the charge of the court, but it is not necessary to discuss the assignments of error.   Under the law as applied to the facts, as shown by the testimony of the bar-tender, the jury could have rendered no other verdict than guilty, and have performed their sworn duty.

The conviction is sustained, and judgment must be entered upon the verdict in the court below.

The other Justices concurred.