THE PEOPLE v. JOHN B. HUGHES.

*Criminal law—Open saloon on Sunday—Rooms used in connection with bar.*

1. The question whether rooms connected with a bar-room, and in which liquors are served and imbibed when the bar is lawfully open, must not be regarded as parts of the saloon, under the

closing act, is no longer an open one under the decisions of this Court; citing *People v. Higgins*, 56 Mich. 159; *People v. Scranton*, 61 Id. 244; *People v. Cox*, 70 Id. 247,

2. A saloon keeper occupied two store buildings, in one of which was a bar, and another room in which liquor was served when the bar was open. The other building contained his office and a billiard room, and the buildings, as also the rooms in each, were connected by archways. On Sunday the bar was closed, and separated from the other rooms by damask curtains and barricades, and no liquors were dispensed in the other rooms. The proprietor was a bachelor, and spent his Sundays in the office, and received his friends there, which is held a violation of the Sunday closing law.

Error to superior court of Grand Rapids. (Burlingame, J.) Argued February 10, 1892. Decided February 19, 1892.

Respondent was convicted of failing to keep his saloon closed on Sunday. Affirmed. The facts are stated in the opinion.

*L. E. Carroll*, for respondent.

*A. A. Ellis*, Attorney General, and *William F. McKnight*, Prosecuting Attorney, for the people.

McGRATH, J. Respondent was convicted of not keeping his saloon closed on Sunday.

He occupies two store buildings, which are connected by archways. Each building is divided into two apartments, which are likewise connected with archways. In the front part of one building is the bar, and the room in the rear thereof contains tables and chairs, and liquors are served therein when the bar is open. Liquors are also served in the billiard room. In the front part of the other building is the office, and in the rear of the office is the billiard room. On the Sunday in question, some 14 persons were seen to enter the office and go

through into the billiard room, and two witnesses testified that from the alley in the rear they heard voices, the clinking of glasses, and the noise of a cash-register in operation, coming from the apartment in the rear of the bar.

The defense was that the bar was closed, and separated from the other rooms by damask curtains and barricades; that no liquors were dispensed in the other rooms on that day; that respondent is a bachelor, and spends his Sundays in his office, and receives his friends there, and that the persons who came in on the day in question were playing cards simply.

The question as to whether rooms connected with a bar-room, and in which liquors are served and imbibed when the bar is lawfully open, must not be regarded as parts of the saloon, under the closing law, is no longer an open one under the decisions of this Court. *People v. Cox,* 70 Mich, 247; *People v. Higgins,* 56 Id. 159; *People v. Scranton,* 61 Id. 244.

The office and billiard room were both open, and both were contiguous to and used in connection with this bar, and must be deemed to be parts of the saloon. The only dispute in the case was as to the clinking of glasses, the operation of the cash-register, and the location of the persons whose voices were heard by the witnesses who were in the alley. These questions were unimportant. Conceding that the facts set up by respondent were proven, there was an infraction of the law notwithstanding, and it is therefore unnecessary to discuss the refusal of the court to give instructions based upon respondent's theory of the case.

The judgment must be affirmed.

The other Justices concurred.