PEOPLE *v.* BOWKUS.

1. INTOXICATING LIQUORS—VIOLATION OF SUNDAY-CLOSING LAW —WHAT CONSTITUTES.

In a prosecution for keeping a saloon open on Sunday, it was proper to instruct the jury to the effect that respondent had no right to let persons into his saloon on that day, and that, if he did so, he was guilty of the offense charged, whether he sold them liquor or not.[1]

2. SAME—SERVING LIQUOR IN ROOM ADJOINING SALOON.

A saloon keeper who serves liquor upon Sunday in a room adjoining and connected with his saloon is guilty of a violation of the law against keeping saloons open on Sunday, even though he receives no pay for the liquor so furnished.

3. SAME—INSTRUCTIONS TO JURY.

An instruction in a prosecution for keeping a saloon open on Sunday, that "if a saloon is kept open on one of the forbidden days, for any purpose, or for any business, or for any length of time, no matter how short, it will be a violation of the statute," is not prejudicial to the respondent, where he admits having served liquor upon the day in question in a room alleged to constitute a part of his saloon.

Error to superior court of Grand Rapids; Burlingame, J.   Submitted April 30, 1896.   Decided May 19, 1896.

William Bowkus was convicted of keeping his saloon open on Sunday.   Affirmed.

*McKnight & McKnight*, for appellant.

*Fred A. Maynard*, Attorney General, and *Alfred Wolcott*, Prosecuting Attorney, for the people.

GRANT, J.   The respondent was convicted of keeping his saloon open on Sunday.   The next room back of his

---

[1] For a summary of the legislation and a collection of the cases bearing upon the subject of closing of saloons on Sunday, see *People* v. *James,* 100 Mich. 524.

saloon proper was a sitting room, connected with the saloon by a door. Back of the sitting room was his dining room. The sleeping rooms of his family were upstairs. The evidence on behalf of the people was direct and positive that he entered his saloon on the day in question from the sitting room, through this door, drew beer by means of a pump from the kegs of beer in the cellar, and served it to customers in the sitting room. He admits serving beer in this room, but denies that he got it from the saloon, but says that he got it from the dining room. Two errors are assigned.

1. It is alleged that the court was not impartial in its charge, in that it was argumentative. We do not think that the charge is open to this construction. It is very evident that the portions of the charge complained of were called forth by the argument of counsel for respondent, which does not appear in the record. The defense was that this sitting room was not a portion of the saloon, and that he had not been in the habit of serving liquors in it. The court very fully instructed the jury as to the provisions of the law and their purpose as interpreted by the numerous decisions of this court. We find no error in this.

2. Under the second alleged error it is urged that the court laid down too stringent a rule as to the right to open a saloon upon Sunday. The court very properly instructed the jury that it made no difference whether the respondent sold any liquor or not; that he had not the right to let persons into his saloon. This part of the charge is sustained by numerous decisions. The precise objection urged is that it assumed that respondent did let persons into his saloon. Considering the whole charge, no such conclusion can fairly be assumed.

The court said to the jury:

"If a saloon is kept open on one of the forbidden days, for any purpose, or for any business, or for any length of time, no matter how short, it will be a violation of the statute."

Again:

"If a man, renting an entire building, and occupying it, and having a saloon in one room, opening into another room next back of it, on prohibited days, as Sunday, admits to that room persons who call to get beer and persons who call ostensibly for other purposes, and he deals out beer to them in that room, I care not what he calls it, —what name he gives the room,—and I care not where he gets his liquor from, that room, to all intents and purposes, is a part of that saloon."

This last portion of the charge was called out by a question from the jury "whether a room connected to the barroom, and used as a private or residence room, should be considered as a part of the saloon under the law."

The latter instruction was correct. Saloon keepers cannot evade the law by taking liquor from their saloons on a week day to a room adjoining the saloon, and there serve it upon Sunday, with or without pay. *People* v. *Whipple*, 108 Mich. 587. Under the rule in *People* v. *Minter*, 59 Mich. 557, the instruction as to opening on forbidden days may have been too strict, although the court used the expression "kept open," implying, perhaps, a different condition from that of simply opening the door and entering for a necessary purpose. But this part of the instruction could not have prejudiced the respondent, because he admitted serving liquor in the room. The jury could not have convicted except upon this fact.

The conviction is affirmed.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.