17  643
18  564

[No. 2685.  Decided September 28, 1897.]

THE STATE OF WASHINGTON, *on the Relation of Alexan-
der P. Purves, Respondent*, v. WILLIAM H. MOYER,
*Sheriff of King County, Appellant.*

STATUTES — REPEAL BY IMPLICATION — MORTGAGE FORECLOSURE — NE-
CESSITY FOR LEVY.

Code Proc., § 630, providing for the mode of selling mortgaged
land under foreclosure is not impliedly repealed by Laws 1897,
ch. 50, p. 70, making provisions for levy upon property prior to
its sale on execution, since a levy is inapplicable to foreclosure
sales, except for a deficiency.

Appeal from Superior Court, King County.—Hon.
E. D. BENSON, Judge.  Affirmed.

*Alex. R. Jones*, for appellant.
*Tillinghast & Pritchard*, for respondent.

*Per Curiam.*—The main questions involved in this case
were lately decided by this court in the case of *Swin-
burne v. Mills*, as sheriff of Pierce county.  There is, how-
ever, an additional question involved here, viz.: the right
of the sheriff to receive fees for levying upon the mort-
gaged premises.  It was stated in *Swinburne v. Mills,
supra*, that section 630 of the Code of Procedure had not
been repealed by ch. L. of the Laws of 1897 (p. 70).  That
statement may possibly have been too broad.  It was the
intention of the court simply to state that it had not been
repealed so far as concerned any questions that were in-
volved in the case under consideration, the opinion in that
case showing that the provision of the new law in rela-
tion to extension of time, which is in conflict with the
provision of section 630 of the Code, would be in force

with relation to mortgages executed after the passage of the act of 1897, the minor question referred to there being the question which we are now discussing. Sec. 630, which provided for the mode of selling mortgaged land under foreclosure, does not provide that any levy shall be made by the officer, except for the deficiency, while in the act of 1897 there is a general provision for a levy. In obedience to the well established rule that the repeal of laws by implication is not favored, no law will be considered repealed the provisions of which are not inconsistent with the provisions of the later act; and while we hold that the provisions of the law of 1897 apply to mortgages, so far as the postponement of the sale and the appraisement of the land are concerned, such provisions being expressly and directly in conflict with the old act, yet while the law of 1897 does provide for a levy, we think, considering both acts together, that it was not the intention of the legislature to make the law in relation to levy in the last act apply to mortgages. There is no reason why it should. A levy is nothing more than a lien, and the lien has already been established by the mortgage. At the most it could only be a directory provision, which would not be enforced in the absence of any utility in its enforcement.

For the reasons stated in the opinion in the case above referred to, the judgment will be affirmed.