[No. 3210. Decided July 10, 1899.]

THE STATE OF WASHINGTON, *Appellant,* v. BEN BINNARD *et al., Respondents.*

SUNDAY LAWS—KEEPING SALOONS OPEN—CONSTRUCTION OF STATUTE.

Under Bal. Code, § 7250, it is unlawful to keep open a saloon on Sunday, so as to make it accessible to persons desiring admittance, although no intoxicating liquors are sold or offered for sale on that day.

SAME—STATUTES—REPEAL BY IMPLICATION.

Bal. Code, § 7251, making it unlawful for any person to open on Sunday for the purpose of trade, or sale of goods, wares and merchandise, any shop, store or building or place of business whatever, with certain exceptions, and providing that the law shall apply to hotels only in so far as the sale of intoxicating liquors is concerned, does not impliedly repeal the earlier enactment of § 7250, which provides for the punishment of "any person who shall keep open any play house or theater, race ground, cock pit, or play at any game of chance for gain, or engage in any noisy amusements or keep open any drinking or billiard saloon, or sell or dispose of any intoxicating liquors as a beverage, on the first day of the week, commonly called Sunday."

Appeal from Superior Court, Whitman County.—Hon. WILLIAM MCDONALD, Judge. Reversed.

*John W. Mathews,* Prosecuting Attorney, for the State. *Wyman & Neill* and *J. T. Brown,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—The respondents were accused, by an information filed by the prosecuting attorney of Whitman

county, of the crime of keeping open a drinking saloon on Sunday. The charging part of the information is as follows:

". The said Ben Binnard, Charles Schultz and Jack McVey in the county of Whitman, in the state of Washington, on the 18th day of September, eighteen hundred and ninety-eight, did wilfully and unlawfully keep open a drinking saloon; the said drinking saloon then and there being the drinking saloon known as the 'Elite,' and the said 18th day of September, 1898, then and there being the first day of the week, which is commonly called Sunday, contrary to the form of the statute," etc.

The defendants (respondents here) demurred to the information on the grounds, among others not necessary to mention: (1) "Because the facts stated in said information do not constitute a crime under the laws of the state of Washington;" and (3) "because said section 210 of Hill's Penal Code, on which said information is based, has been and now is repealed by implication by the subsequent enactment of section 211 of Hill's Penal Code." This demurrer was sustained by the court and the information set aside, and the defendants were discharged. The state has appealed, and assigns these several rulings and decisions of the court as error.

It is conceded that this information is founded upon § 210 of Hill's Penal Code (Bal. Code, § 7250), which reads as follows:

"Any person who shall keep open any play house or theater, race ground, cock pit, or play at any game of chance for gain, or engage in any noisy amusements, or keep open any drinking or billiard saloon, or sell or dispose of any intoxicating liquors as a beverage, on the first day of the week, commonly called Sunday, shall, upon conviction thereof, be punished by a fine not less than thirty dollars nor more than two hundred and fifty dollars. All fines collected for violation of this section shall be paid into the common school fund."

And it will be observed that it is made a distinct offense by this section to keep open a drinking saloon on Sunday, and the offense is complete if such saloon is kept open — that is, in any way accessible, on that day, to persons who may desire admittance, although no intoxicating liquors are sold or offered for sale. Under this provision, the purpose for which the saloon is opened is immaterial, the evident object of the law being to keep them closed; and in contemplation of law they are kept open, though the doors may not be open as usual on other days, if, in fact, persons are allowed to enter on application. Black, Intoxicating Liquors, § 393; 2 McClain, Criminal Law, § 1264; *People v. Waldvogel,* 49 Mich. 337 (13 N. W. 620); *People v. Crowley,* 90 Mich. 366 (51 N. W. 517); *People v. Hughes,* 90 Mich. 368 (51 N. W. 518); *People v. Ringsted,* 90 Mich. 371 (51 N. W. 519); *Klug v. State,* 77 Ga. 734; *Croell v. State,* 25 Tex. App. 596 (8 S. W. 816).

We think it is apparent that the information charges a crime under § 210 of the Penal Code, and, if this section is still in force, the demurrer should not have been sustained. But it is claimed by the learned counsel for the respondents that so much of said § 210 as relates to the opening of drinking saloons on Sunday was repealed by the subsequent enactment of § 211, which reads as follows:

" It shall be unlawful for any person or persons of this state to open on Sunday for the purpose of trade, or sale of goods, wares and merchandise, any shop, store or building or place of business whatever; *provided,* that this section shall apply to hotels only in so far as the sale of intoxicating liquors is concerned, and shall not apply to drug stores, livery stables or undertakers. Any person or persons violating this section shall be guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not less than $25 nor more than $100." Bal. Code, § 7251.

It is strenuously insisted on behalf of the respondents that this latter section repeals that portion of the former

relating to opening of saloons, for the reasons, (1) that a drinking saloon is included within the terms "shop, store, building and place of business," mentioned in the latter section; and (2) that the proviso in § 211 especially mentions and prohibits the sale of intoxicating liquors in hotels, which are places of business not otherwise within the prohibition of the statute. Before proceeding to a discussion of the question of repeal, it may be profitable to look into the history of the Sunday law in this state, and, by doing so, we find that this § 210 was first enacted in 1866. It was embodied, as enacted, in the Code of 1881, and, by the act of March 2, 1891, was amended to read as it now appears in the Code. Laws 1891, p. 127. Section 211 was originally a part of an act passed in the year 1881, two sections of which were by the said act of March 2, 1891, condensed into one section and re-enacted as it now reads in § 211 of the Penal Code. The object of the legislature in enacting § 210, and which is clearly indicated by the language employed, was merely to prohibit the opening of certain places of amusement and of drinking and billiard saloons on Sunday, and to prohibit the playing of games of chance, the engaging in noisy amusements, and the selling or disposing of intoxicating liquors as a beverage on that day; whereas § 211 was designed to prohibit the opening of all ordinary places of business on Sunday for the purpose of trade, etc., except drug stores, livery stables, undertaking establishments and hotels proper. Section 211 does not repeal § 210 by any express words, and, if the latter is repealed by the former, it is repealed by implication, and such repeals are not favored by the law. It is a well established rule of law that if two statutes can, by any fair construction, be reconciled with each other, neither will be held to have repealed the other. Says Mr. Bishop in his admirable work on Statutory Crimes:

"An affirmative statute repeals by implication so much of the prior law as, after the harmonizing work of interpretation is fully done, remains repugnant to it; for it is the last expression of the will of the law making power. If two acts in seeming conflict can be reconciled by any fair construction, so that both may stand, they must be; and then no repeal will be held to take place. And it is the same with a provision of the common law and a statute. . . . The law does not favor repeals by implication, and they will not be adjudged to occur except when they are inevitable, or plainly the legislature means them. Such legislative intent is never, *prima facie,* presumed. Hence, in restraint and limitation of repeals, the statutes are strictly construed. Thus, as already seen, statutes in derogation of the common law, or of a prior statute, are construed strictly, not operating beyond their words or the clear repugnance of their provisions; that is, the new displaces the old only as directly and irreconcilably opposed in terms. For when the legislative power professes to add to the law, as it does in the enactment of an affirmative statute, we cannot assume for it an intention also to subtract from it; while there is any admissible rule of interpretation which, applied to the old, to the new, or to both, will enable all to stand. For example, the rule of specific and general, already more than once mentioned, illustrates this. By interpreting the specific provisions as furnishing exceptions and qualifications for the general ones, without reference to their order or dates, all are made to stand together, and repeal is avoided." Bishop, Statutory Crimes (2d ed.), §§ 154-156.

Here we have two statutes seemingly in conflict, but one is specific and the other general; and, applying the rule as above laid down by Mr. Bishop, and which we deem the correct one, we are led to the conclusion that both statutes can stand together, and that § 211 does not repeal § 210 in the particular mentioned.

But it is urged by counsel for the respondents that the two sections in question are irreconcilably in conflict with each other, for the reason, if for no other, that the punish-

ment prescribed for a violation of one is different from that provided for an infringement of the other, and that, if it be held that the two sections can stand together, two different punishments may be inflicted upon a person for one and the same offense. In answer to this contention, it may be observed that while it is true that "two different punishments for precisely the same offense, with no variations in its elements, and no modifying discretion in the court, cannot, in the nature of things, subsist together," still "we can always separate the offense from the punishment. So that, for example, a statute which provides a new punishment for an old offense repeals by implication only so much of the prior law as concerns the punishment; leaving it permissible to indict an offender either under the old law, whether statutory or common, and inflict on him, upon conviction, the punishment ordained by the new, or under the new statute, at the election of the prosecuting power." Bishop, Statutory Crimes (2d ed.), §§ 166, 168.

Both on reason and authority, it is plain that a change of punishment does not necessarily repeal the law creating the crime. In fact, it is sometimes the case that a crime is defined by one statute and the punishment prescribed by another. The most that can be claimed for § 211 is that it prescribes a milder punishment for the sale of intoxicating liquors than is ordained by § 210. Section 211, in terms, relates only to the *sale* of intoxicating liquors, and that by hotel keepers; whereas, as we have seen, it is a separate offense, under § 210, *to keep open* drinking saloons on the prohibited day, for any purpose whatever.

The judgment is reversed and the cause remanded, with directions to overrule the demurrer.

GORDON, C. J., and REAVIS, DUNBAR and FULLERTON, JJ., concur.