148   305
f149  132

148   305
156   238

## PEOPLE *v.* TOLMAN.

INTOXICATING LIQUORS—KEEPING OPEN ON SUNDAY—WHAT CON-
STITUTES.

> Under section 5395, 2 Comp. Laws, requiring that saloons
> shall be kept closed on Sunday, a saloonkeeper is guilty
> whose bartender and porter enter the saloon on Sunday to
> clean it, though the doors are kept locked, no person other
> than themselves enters, and no liquors are sold or drank.

Error to Kalkaska; Chittenden, J. Submitted April
18, 1907. (Docket No. 133.) Decided April 30, 1907.

John Tolman was convicted under section 5395, 2 Comp.
Laws, of keeping his saloon open on Sunday. Affirmed.

Defendant is charged with failure to keep his saloon
closed on Sunday, April 8, 1906. The facts appearing
upon the trial are stated from appellant's brief:

" The respondent was tried and convicted for keeping
his saloon open on Sunday, April 8, 1906. The evidence,
undisputed, shows that on the morning of Sunday, April
8, 1906, at about the hour of 8 o'clock, two employés of
the respondent, the bartender and porter of the saloon,
were in the saloon engaged in cleaning. The porter of
the saloon was admitted by the bartender, and the doors
of the saloon were locked, and kept locked, and no other
person was in there, except the sheriff, who was admitted
by the bartender because he demanded admittance as an
officer. No person took a drink in there that morning,
and no outsider was in there, and the doors were all
securely locked so that no outsider could get in. The
foregoing facts were all brought out in the testimony of
the people, and were not disputed by the defense."

The court charged the jury:

" This is an action brought by the people of the State
of Michigan against John Tolman, charging him with
violation of the liquor laws, charging, to wit, that his

saloon was open, and not closed, on Sunday, the 8th day of April, 1906. You have heard the testimony that these two men were in that saloon on that day. Now the court instructs you that if you believe the testimony that this saloon was opened and not closed on that day, and if you believe the testimony that these two men were in there on that day, your verdict will be guilty, otherwise your verdict will be not guilty. The fact that no liquor was sold has nothing to do with this case at all. The law provides that these saloons shall be closed, and when the people are in there they are not closed. They have to open them to go in, and open them to come out; therefore a saloon is open, and I charge you that this is the law, and if you believe the statements of the witnesses on the stand, and there is no testimony to the contrary, then your verdict will be guilty."

There was a verdict of guilty. Error is assigned upon the refusal of the court to direct a verdict of not guilty, and upon the charge as given.

*Ernest C. Smith*, for appellant.

*Chauncey C. Jencks*, Acting Prosecuting Attorney, for the people.

OSTRANDER, J. (*after stating the facts*). The instructions were right. This court has never held that an overruling necessity may not excuse entrance to a saloon on Sunday. It has expressly determined that the proprietor must, at his peril, see that no necessity exists for keeping the same open by carrying on any other business therein which would require the doors to be open or for persons to enter therein. *People* v. *Waldvogel*, 49 Mich. 337; *People* v. *Blake*, 52 Mich. 566; *People* v. *Cummerford*, 58 Mich. 328; *People* v. *Schottey*, 116 Mich. 1; *People* v. *Kriesel*, 136 Mich. 80; *People* v. *Crowley*, 90 Mich. 366; *People* v. *James*, 100 Mich. 522; *People* v. *Bowkus*, 109 Mich. 360.

The conviction is affirmed.

McALVAY, C. J., and MONTGOMERY, HOOKER, and MOORE, JJ., concurred.