PEOPLE *v.* HENZE.

INTOXICATING LIQUORS—KEEPING OPEN ON SUNDAY—WHAT CONSTITUTES.

> Under section 5395, 2 Comp. Laws, requiring that saloons shall be kept closed on Sunday, a saloonkeeper is guilty who enters his saloon on Sunday to fix the fires, empty the pans under the refrigerators, light the lights, and prepare his meals in an adjoining kitchen, though he has no other place in which to prepare his meals, no liquors are ever served in the kitchen, and no person other than himself enters on Sunday.

Exceptions before judgment from the superior court of Grand Rapids; Stuart, J.   Submitted June 13, 1907. (Docket No. 120.)   Decided July 1, 1907.

Fred W. Henze was convicted under section 5395, 2 Comp. Laws, of keeping his saloon open on Sunday. Affirmed.

*Dunham & Malcolm,* for appellant.

*John S. McDonald,* Prosecuting Attorney, for the people.

MOORE, J.   The respondent was convicted of the offense of keeping his saloon open on Sunday.   The sole question involved is whether or not this saloon was open on that day, within the meaning of section 5395, 2 Comp. Laws, which statute, so far as applicable, is as follows:

" All saloons, restaurants, bars, in taverns or elsewhere, and all other places, except drug stores, where any of the liquors mentioned in this act are sold, or kept for sale, either at wholesale or retail, shall be closed on the first day of the week, commonly called Sunday, * * * until 7 o'clock of the following morning.   * * *   The word 'closed' in this section shall be construed to apply to the back door or other entrance as well as to the front door."

The following statement of facts is substantially taken from the brief of counsel for respondent:

The respondent is a single man.   His sleeping room was on the second floor over his saloon.   There was no inner stairway.   His sleeping room was reached by an outside stairway.   On the Sunday morning in question Mr. Henze arose and went down stairs into his saloon to fix the fire, empty the pans under the refrigerator, and get his breakfast.   After he had eaten his breakfast he went to church at 10:30.   On returning from church he again went to and into his saloon, got his dinner, and then went to visit a friend, one Fred Platte, at the latter's rooms, where he remained until about 5 o'clock.   About 6 o'clock he again went to his saloon and fixed the fire and lit the lights in the front of his saloon, where he remained until about 7:30.   He then left his saloon and went to church, getting there about 7:30.   Returning from church at about 8:30, he again went into his saloon and got his supper, after which he went across the street to the drug store, where he spent the evening.   At about 20 minutes to 11 p. m. he went back to his saloon, fixed the fire in his

stove, emptied the pans under his refrigerator, and then went up to his room and retired for the night. The only premises respondent occupies is his saloon and sleeping room above it. He prepares all his own meals in a room off the rear of his saloon. There is an ordinary door between this kitchen of defendant and his saloon. The kitchen is about 8 feet by 12 feet, and in it no liquors are ever served. It is used for no other purpose than in which to prepare defendant's meals and lunches, which are served out in his saloon proper. There is no way to reach this kitchen, except from the saloon; there being no outside doors between the outside and defendant's kitchen. On the Sunday morning in question no person was in the saloon other than the defendant.

Under this state of facts it is claimed the saloon was closed within the meaning of the statute. We cannot agree with this contention. The case is governed by the recent case of *People* v. *Tolman*, 148 Mich. 305, and the cases cited therein.

The conviction is affirmed.

McALVAY, C. J., and CARPENTER, GRANT, and HOOKER, JJ., concurred.