PEOPLE *v.* BOYD.

151 577
156 ²238

1. CRIMINAL LAW—APPEALS—BRIEF—STATEMENT OF FACTS—NE-
CESSITY—COURT RULE.

Where, in a criminal case, the brief of appellant does not con-
tain a clear and concise statement of the facts of the case,
distinct from argument, and of the errors upon which he re-
lies, as required by Supreme Court Rule 40, the court will
rely upon the statement in the brief for the people.

2. INTOXICATING LIQUORS — KEEPING OPEN ON SUNDAY — WHAT
CONSTITUTES.

Where a saloon keeper lived with his family in rooms over his
saloon, to which access was had by means of a stairway
leading from a room communicating with other rooms used
in connection with the bar, the presence of persons on Sun-
day in the rooms used in connection with the bar constitutes
a failure to keep his saloon closed on Sunday as required by
the statute.

3. SAME—INSTRUCTIONS—PROPRIETY.

Instructions to the effect that the rooms which must not be
opened on Sunday are those in which it was customary or
defendant's practice to serve from the barroom construed,
and *held*, not objectionable as directing the jury that if wine
or beer had ever been served in defendant's living rooms, he
and his family would have had to go away from home and
stay away after ten o'clock at night and on Sundays.

4. CRIMINAL LAW—TRIAL—ARGUMENT OF COUNSEL—GOOD-FAITH
CLAIM AS TO LAW.

A good-faith claim by the prosecuting attorney, in arguing a
criminal case, that the people would be entitled to a convic-
tion under a certain state of facts, is not ground for reversal
though the claim was too broad.

5. SAME—APPEAL—WAIVER OF OBJECTION.

Where the prosecuting attorney stated his reasons in open
court for leaving the name of the complaining witness off the
information and not producing him as a witness, and defend-
ant insisted generally that the showing was insufficient and
asked for a dismissal, the objection that the showing was
not under oath was waived.

151 MICH.—37.

6. SAME—WITNESSES—INDORSEMENT ON INFORMATION.

> Where the complaining witness in a prosecution under the liquor law absconded immediately after making the complaint, and the officers were unable to find him, and he was not produced on the examination, and diligent search failed to discover him before the trial, there was sufficient excuse shown for leaving his name off the information and not producing him at the trial.

7. SAME — DISCRETION OF COURT — CONTINUANCE — CHANGE OF VENUE.

> Rulings on motions for continuance and change of venue will not be disturbed in the absence of abuse of discretion.

Exceptions before judgment from Hillsdale; Chester, J. Submitted January 23, 1908. (Docket No. 15.) Decided March 17, 1908.

William J. Boyd was convicted of violating the liquor law. Affirmed.

*Charles A. Shepard* and *Victor Hawkins*, for appellant.

*Clayton A. Powell*, Prosecuting Attorney, for the people.

CARPENTER, J. Defendant is a saloon keeper in the city of Hillsdale. In the circuit court he was convicted of the offense of not having his saloon closed, as required by law, on Sunday, October 7, 1906. He asks us to set aside that conviction. His brief in this court does not "contain a clear and concise statement of the facts of the case, distinct from argument, and of the errors upon which he relies," as required by Supreme Court Rule 40. Under these circumstances we think we are warranted in relying upon the statement in the brief for the people. It reads as follows:

"On the 7th day of October, 1906, the defendant was in the occupancy of a two story brick building on the east side of Hillsdale street and south of the railroad in Hillsdale city. The ground floor of said building consisted of

one large room on the south, known as the barroom proper, and two smaller rooms adjoining it on the north, known as wine rooms and furnished with tables and chairs in which wines and liquors from the bar were served and drank. These rooms communicated with the barroom by doors. A hall is on the west side of the ground floor. At the north end of said hall was a small room in which a temporary bar was placed during Fair times and on other days when there was a rush of business. At the south end of said hall there was a small room from which a stairway led up to the second floor. From this stairway room a door opened onto Hillsdale street; the second floor was used as living rooms and bedrooms and for purposes not pertaining to the saloon business. The access to the second floor of this building from Hillsdale street was by way of a door opening into this small stairway room and up the open stairway. Besides this door leading into the stairway room and the door at the southwest corner of said building leading into the saloon proper, access was also had to said building through a shed at the north end of the building which opened into the west wine room. These wine rooms communicated with each other by doorway and the west wine room communicated with the hallway in the same manner; none of the ground floor rooms were used for living rooms."

The testimony introduced by the people tended to prove that on the Sunday in question several persons were in one of these wine rooms, and it is to be inferred from the record that the jury credited this testimony. If so, defendant was guilty. *People* v. *Higgins*, 56 Mich. 159; *People* v. *Hughes*, 90 Mich. 368; *People* v. *Ringsted*, 90 Mich. 371.

After the trial judge had concluded his charge to the jury, defendant's counsel preferred this request:

" Mr. Boyd had a perfect right to open the front door and to admit people through that door to the reception hall, and that the family had a right to go to the refrigerator and get therefrom family supplies, even though the refrigerator is located in the saloon."

In response to this the trial court charged the jury:

"He would have a right to go in the front door, providing that did not open into a room in which they had served wines; that is, rooms in which it was customary or his practice to serve from the barroom. If it does, then he would have no right to open it. If it does not, then he has a right to open it for the purpose of going to and from the stairs to his living rooms. In other words, a man can't so arrange his living rooms that in order to get to them it is his duty to pass through or open his saloon or any room which is used as a part of the saloon. On the other hand, if he does not use it as a part of his saloon in serving liquors, then he would have a right to open that door to go to his living rooms. * * * There is evidence * * * that one witness went to the refrigerator to get some eatables. * * * I don't understand that the prosecutor asks for a conviction on that act. It is simply upon the question of whether or not this wine room was opened where the liquors were served during the week, and that people were in there."

This charge is complained of, and the complaint is this:

"If the court is right in his contention, and if wine or beer had ever been served in defendant's living rooms, he and his family would have had to have gone away from home and stay away after ten o'clock at night and on Sundays."

Manifestly this is placing upon the language of the trial court, above quoted, an entirely erroneous construction. The rooms which the trial court said must not be opened on Sunday are those "in which it was customary or his practice to serve from the barroom."

Complaint is made because the prosecuting attorney, in his argument to the jury, claimed that "we would be entitled to a conviction under the statute if Mr. Boyd let any one into the reception hall that opens right into the saloon by way of another hall into the wine room." We are not called upon to say whether or not the prosecuting attorney was correct in this legal position. He made the claim in good faith and he had a right to make it. As was said by Justice MONTGOMERY in *Knickerbocker* v. *Worthing*, 138 Mich. 239:

"The lawyer is not bound to guarantee that his position on the legal questions that arise during the progress of a trial shall in all cases be unassailable. To impose such a burden upon counsel would render fair discussion of legal questions impossible, and would withdraw from the trial judge the great aid now derived from arguments of counsel."

The name of the complaining witness was not indorsed on the information and he was not produced as a witness. Respecting this the prosecuting attorney said:

"After this complaint was made and before the examination was held, we were unable to find the complaining witness anywhere, after making diligent search for him. He was a barber here in this town at the time the complaint was made, as I understand it, and very soon after the complaint was made he absconded; that the officers were unable, after making a diligent search, to find him or any trace of him; and for that reason we were unable to produce him on the examination, and I left his name off from the information because I didn't think it would be possible to produce him here in court."

He stated, further, in answer to inquiries of defendant's counsel, that, for the purpose of procuring said witness on the examination, a subpœna was issued and diligent search made, and that before the trial in the circuit court "inquiry was made but no trace of him could be found." Defendant's counsel insisted that this showing was insufficient, and asked the trial court to dismiss the case for that reason. In what way it was insufficient was not pointed out. If it had been insisted that this showing should have been made under oath, it is to be assumed that such showing would have been so made. The nature of the objection must be treated as a waiver of that formality. Assuming the facts to be as stated by the prosecuting attorney—and we think they should be so assumed—excuse for not calling the complaining witness was sufficient.

Before commencing the trial of this case the trial court denied a motion for a continuance and a motion for a

change of venue. Complaint is made of these denials. They need not be discussed. They were matters within the discretion of the trial court, and there is no ground for saying that his discretion was abused.

The conviction is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.