## STATE v. SCHELL.

Rev. Code Cr. Proc. § 225, provides that the precise time at which an offense was committed need not be stated in the indictment or information, but it may alleged to have been committed at any time before the finding thereof, except when the time is a material ingredient in the offense. **Held**, that the offense of keeping a saloon open on Sunday comes within the exception, as the offense can only be committed on Sunday, so that the day of the month and the year as well as the day of the week are a material ingredient in the offense, since there is no other practical method of designating the offense so as to enable accused to properly prepare for trial.

The offense of keeping a saloon open on Sunday consists in not keeping it closed on Sunday, and it is not material whether or not any sale was made on that day, nor what was the saloon keeper's intent in not keeping it closed, nor whether any person was seen to enter or depart from the saloon.

(Opinion filed, Aug. 26, 1908.)

Appeal from Circuit Court, Grant County. Hon. J. H. McCoy, Judge.

William Schell was convicted of keeping a saloon open on Sunday, and he appeals. Affirmed.

*Howard Babcock, A. W. Campbell,* and *Thad. L. Fuller,* for appellant. *S. W. Clark, Atty. Gen., Cloyd D. Sterling, Asst. Atty. Gen.,* and *L. H. Bentley, State's Atty.,* for the State.

CORSON, J. This is an appeal by the defendant from a judgment entered upon an order overruling a demurrer to the information filed by the state's attorney against the defendant.

The information, omitting the formal parts, alleges that "on the 16th day of June, 1907, in the county of Grant, state of South Dakota, one William Schell, late of said county of Grant, state of South Dakota, did commit the crime of keeping a saloon and place where spirituous, malt, brewed, fermented, vinuous, and intoxicating liquors were sold upon the first day of the week, commonly called Sunday, * * * he, the said William Schell, then and there not being a druggist, and said place where said liquors were offered for sale was not a drug store." To this information the defendant demurred upon the following grounds: (1) That the facts stated therein do not constitute a public offense. (2) That it does not substantially conform to the requirements of the Code, in that it is indefinite and uncertain, and does not state facts in such a manner as to enable a person of common understanding to know what is intended. The demurrer was overruled by the court, to which ruling the defendant duly excepted. Thereafter the defendant entered a plea of not guilty to the charge set forth in the information, and withdrew his plea of not guilty and elected to stand upon the demurrer. Thereupon the court entered judgment that the defendant pay a fine of $50 and costs of prosecution, and, in default of the payment of the said fine, that the defendant be imprisoned in the county jail, in the county of Grant, * * * for a period of 25 days, and that he stand committed until the sentence be complied with.

It is contended by the defendant that the information is insufficient, and that the demurrer thereto should have been sustained, for the reason that there is not a sufficient description in the information of the offense to enable the defendant to prepare for his trial of the same, in that there is not alleged therein the name of any person who was present on the Sunday in which the saloon

was kept open or any other allegation therein fixing definitely the time when the offense was committed which would enable the defendant to meet the charge alleged against him, and counsel call our attention to section 225 of the Revised Code of Criminal Procedure, which reads as follows: "The precise time at which the offense was committed need not be stated in the indictment or information, but it may be alleged to have been committed at any time before the finding thereof, except when the time is a material ingredient in the offense." And it is further contended that it was competent for the prosecution to prove that the offense was committed on any Sunday within three years prior to the filing of the information, and therefore the defendant had no means of ascertaining from the information upon what Sunday the offense was committed, and could not prepare for his trial. We cannot agree with counsel in this contention, as in our opinion this class of cases comes clearly within the exception, and time is a material ingredient in the offense, as the offense can only be committed on the first day of the week, commonly called Sunday; and as the day of the week is a material ingredient in the offense, it seems to us quite clear that the day of the month and year also constitute a material ingredient in the offense, and that the defendant could only have been convicted upon proof that the alleged offense was committed on the particular Sunday specified in the information. It will be observed that the time designated in the information as the time when the offense was committed, was on Sunday, the 16th day of June, 1907, and, unless the offense should be proven to have been committed on that day, the defendant could not be convicted and would be entitled to his discharge.

The offense consists in not keeping the saloon closed on Sunday, and it is not material whether or not any sale was made on that day or as to the intent of the saloon keeper in not keeping it closed; nor is it material as to whether or not any person was seen to enter or depart from the saloon. State v. Kinney, 21 S. D. 390, 113 N. W. 77; State v. Grant, 20 S. D. 164, 105 N. W. 97; People v. Crowley, 90 Mich. 366, 51 N. W. 517; 23 Cyc. 189; Black on Intoxicating Liquors, 393. Hence there is no other practical method

of designating the offense in such a manner as to enable a defendant to make proper preparation for his trial other than by holding that the precise time designated in the information constitutes a material ingredient in the offense, and that the proof must therefore establish the time as alleged in the information. In an information for the offense of selling intoxicating liquors, the parties to whom the sale or sales may have been made may be stated in the information, and time is not therefore a material ingredient in that offense (State v. Burchard, 4 S. D. 548, 57 N. W. 491), and hence the rule applicable to that class of cases has no application to the case at bar.

The offense, therefore, was sufficiently described by definitely stating the time when it was committed and the court was clearly right in overruling the demurrer.

The judgment of the circuit court is affirmed.

FULLER, J., not sitting.