PEOPLE *v.* GORDON.

1. INTOXICATING LIQUORS—KEEPING SALOONS OPEN ON SUNDAY—
   WHAT CONSTITUTES.
   Surrounding a bar in a saloon with a picket fence is not a suf-
   ficient compliance with the statute (sections 5295, 2 Comp.
   Laws), requiring saloons to be kept closed on the first day of
   the week.

2. SAME—DEFENSE—INTENT.
   It is no defense that respondents relied upon the advice or per-
   mission of the police officers in opening their saloon with the
   bar so guarded; since such officers have no authority to ad-
   vise or consent to violations of law, and the intent with which
   respondents kept their saloon open on Sunday is immaterial.

3. SAME—INSTRUCTIONS.
   An instruction to the jury that "under the proofs in this case,
   and the facts and circumstances that have been shown here
   on the witness stand, it is your duty to find the defendants
   guilty of the offense charged in the information, and you will
   be permitted to retire * * * for the consideration of your
   verdict," was justified under the uncontradicted facts, and
   did not amount to a coercion of the jury.

Exceptions before judgment from Saginaw; Gage
(William G.), J. Submitted February 15, 1909. (Docket
No. 156.) Decided April 6, 1909.

John Gordon and Christian Trier were convicted of
violating the liquor law. Affirmed.

*Beach, O'Keefe & Rockwith,* for appellants.

*Miles J. Purcell,* Prosecuting Attorney, for the peo-
ple.

HOOKER, J. These defendants were convicted of a
violation of section 5295, 2 Comp. Laws, which requires
saloon keepers to keep their saloons closed on the first day
of the week. The saloon in question consisted of two

apartments, with arches between them. These apart-ments were both in one room; the partition separating them being eight or nine feet high. On one side of the front entrance was a desk, and next came a cigar case, then a movable screen, extending from the front corner of the cigar case back to the wall. The bar was next, and did not extend so far into the room as the desk and cigar case. It extended back nearly to the partition. On Saturday nights it was the custom of the defendants to surround the bar by a picket fence, six feet high, made in sections, and fastened by screws to the bar and wall. They claim to have made this fence at the suggestion of the captain of the police force of Saginaw, who told them that such device would be a sufficient compliance with the law, and would enable them to carry on their restau-rant in the rear apartment Sundays. Subsequently they were arrested on the complaint of Walsh for violation of the statute.

Counsel for defendants say that there are three questions in the case:

(1) With the fence in place was not the saloon closed in compliance with law?

(2) Can defendants be convicted in view of the sanction of the method adopted and their own good faith?

(3) Was the charge of the court erroneous?

It was a violation of the law to keep this place open on Sunday notwithstanding the fact that the bar was surrounded by a temporary fence. *People* v. *Waldvogel*, 49 Mich. 337; *People* v. *Cummerford*, 58 Mich. 328; *People* v. *Schottey*, 116 Mich. 1; *People* v. *Higgins*, 56 Mich. 159; *People* v. *Tolman*, 148 Mich. 305; *People* v. *Boyd*, 151 Mich. 577.

It was no defense if the defendant in good faith relied upon the advice or permission of a police officer to keep the doors open. Officers have no authority to advise or consent to violations of law, and the intent with which a saloon keeper opens his saloon on Sunday is immaterial under this law. *People* v. *Richmond*, 59 Mich. 573;

*People* v. *Roby,* 52 Mich. 577; *People* v. *Blake,* 52 Mich. 566; *People* v. *Talbot,* 120 Mich. 486; *People* v. *Kriesel,* 136 Mich. 85 (4 Am. & Eng. Ann. Cas. 5); *People* v. *Lundell,* 136 Mich. 304; *People* v. *Possing,* 137 Mich. 303; *People* v. *Jewell,* 138 Mich. 620; *Bailey* v. *Briggs,* 143 Mich. 303. There is no plausible reason for treating this case as exceptional, in our judgment. It was immaterial whether similar offenses were committed in other saloons.

The court instructed the jury as follows:

"I think, under the decisions of the Supreme Court, that the court could direct a verdict, and tell you, gentlemen, to render a verdict of guilty in this case, but the court will not do that. In order to avoid any question about that matter, the court instructs you that under the proofs in this case and the facts and circumstances that have been shown here on the witness stand, that it is your duty to find the defendants guilty of the offense charged in the information, and you will be permitted to retire, if you desire to, for the consideration of your verdict."

The jury did retire and after a time returned with a verdict. We are of the opinion that the uncontradicted facts justified the instruction, and that there was no coercion of the jury.

The conviction is affirmed, and the cause remanded for judgment.

OSTRANDER, MOORE, McALVAY, and BROOKE, JJ., concurred.