[No. 10828. Department Two. May 6, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v. J. B. HATCH, *Appellant*.[1]

INTOXICATING LIQUORS—UNLAWFUL SALES—NUISANCES—STATUTES—IMPLIED REPEAL. Rem. & Bal. Code, § 6278, providing that the keeping of any place in which intoxicating liquors are sold contrary to law, or in which they are kept for that purpose, or where persons are permitted to resort or liquors are kept to induce persons to resort for illegal purchases, is a common nuisance, is not impliedly repealed by § 6304, of the local option law, providing that all places where intoxicating liquors are sold in violation of the local option law may be abated as a common nuisance, and providing for the closing of such places; since the former law deals with the keeper and the latter with the place where kept, and they are not repugnant.

CRIMINAL LAW—FORMER JEOPARDY—DISTINCT OFFENSES. A prior conviction of maintaining a nuisance, under Rem. & Bal. Code, § 6278, making it a nuisance to keep any place where intoxicating liquors are sold contrary to law, is not a bar to a prosecution for making a specific unlawful sale at the same time and place, in violation of the local option law § 6302, prohibiting the sale of intoxicating liquors within a dry unit, although the charges are sustained by the same evidence; as the legislature may make distinct offenses of the same act without raising the defense of former jeopardy.

Appeal from judgments of the superior court for Whatcom county, Kellogg, J., entered April 19, 1911, upon a trial and conviction of violations of the local option law. Affirmed.

*S. M. Bruce*, for appellant.

*Frank W. Bixby*, and *H. C. Thompson*, for respondent.

[1]Reported in 131 Pac. 1130.

MAIN, J.—The defendant was informed against in the superior court by two separate informations filed by the prosecuting attorney of Whatcom county. The legislature of the state of Washington in 1909 passed an act known as the "local option law," which provided for the submission to the qualified electors of a particular city, town, or district, called a unit, the question whether intoxicating liquors shall be licensed or prohibited. Laws of 1909, ch. 81, p. 153 (Rem. & Bal. Code, § 6292 *et seq.*). Under the provisions of this statute, an election was held on November 8, 1911, in Ferndale, a city of the fourth class, at which election a majority of the votes were cast against license. From the 1st day of January thereafter Ferndale became what is known as a dry unit, and the sale of intoxicating liquors therein unlawful. As above stated, the defendant was charged by two informations. The information in cause 1083 charged the defendant with the crime of maintaining a nuisance in selling and disposing of intoxicating liquors without a license, between the 1st day of January, 1911, and the 3d day of February, 1911. The information in cause 1085 charges the defendant with the crime of the unlawful sale of intoxicating liquors at Ferndale, Washington, on January 26, 1911. One information charges the defendant with the keeping and maintaining of a nuisance; the other with making a specific sale of liquor unlawfully. A jury being waived, both causes were tried to the court. Cause 1083 came on for trial first, and resulted in a judgment of conviction and sentence. Immediately thereafter, cause 1085 was heard. The defendant interposed in the latter case a plea of former jeopardy, which was overruled. It was then agreed by counsel that the same evidence which had been heard by the court in trying cause 1083 should be taken as evidence in cause 1085 without recalling the witnesses. The second trial resulted in a conviction and sentence. The defendant appeals. By sipulation, both appeals were consolidated, to be heard upon a single record.

The guilt or innocence of the defendant, as a matter of law, depends upon the construction of certain sections of different statutory enactments. Rem. & Bal. Code, § 6278 (Laws 1903, p. 31, § 2), provides:

"The keeping or maintaining of any place in which intoxicating liquors are sold or given away, contrary to law, or in which such liquors are kept or harbored for the evident purpose of selling or giving away said liquors contrary to law, or where persons are permitted to resort for the purpose of drinking intoxicating liquors or where intoxicating liquors are kept for the purpose of inducing people to resort, to buy or receive intoxicating liquors in violation of law is hereby declared to be a common nuisance. . . ."

This section makes the keeping or maintaining of any place a nuisance, (1) when intoxicating liquors are sold or given away contrary to law, (2) when such liquors are kept or harbored for the evident purpose of selling or giving away contrary to law, (3) when persons are permitted to resort there for the purpose of drinking intoxicating liquors, and (4) where intoxicating liquors are kept for the purpose of inducing people to resort to the place for the purpose of purchasing intoxicating liquors in violation of law. The portion of this section not quoted and the subsequent sections of the same act provide for search of the premises, seizure of the property used in distributing liquors in violation of the law, and punishment of the offender. It was under the portion of the section quoted that the defendant was charged and convicted in cause 1083.

Section 6304, Rem. & Bal. Code (Laws 1909, p. 161, § 13), provides:

"All places where intoxicating liquor is sold in violation of the provisions of this chapter are common nuisances, and may be abated as such, and upon conviction of the keeper of any such place of the sale of intoxicating liquor in violation of the provisions hereof, the court shall order that such nuisance be abated and that such place be closed until the keeper, owner, lessor, lessee or other person occupying the same shall give bond with a sufficient surety to be approved by the

court making the order in the penal sum of one thousand dollars, payable to the state of Washington, conditioned that intoxicating liquor will not thereafter be sold therein contrary to the law, and will pay all fines, costs and damages assessed against him for any violation thereof, and in case of violation of any condition of the bond the whole amount may be recovered as a penalty for the use of the county, city or town wherein the premises are situated."

This is one of the sections of the local option law, and makes the *place where* intoxicating liquor is sold in violation thereof a nuisance, and provides a method for its abatement and the giving of a bond conditioned that the law will be obeyed. The question arises, Does the section quoted from the local option law repeal the section of the previous statute under which the prosecution was brought? There is no express repeal and, if repealed at all, it must be by implication. Repeals in this manner are not favored by the law. In *State v. Binnard*, 21 Wash. 349, 58 Pac. 210, it is said:

"Section 211 does not repeal § 210 by any express words, and, if the latter is repealed by the former, it is repealed by implication, and such repeals are not favored by the law. It is a well established rule of law that if two statutes can, by any fair construction, be reconciled with each other, neither will be held to have repealed the other."

From an examination of the sections quoted it will be seen that the former makes the keeping and maintaining of the place a nuisance, while the latter provides that the place where kept shall be a nuisance. One deals with the keeper, the other with the place kept. The two sections are not necessarily repugnant, and therefore can stand together. This view sustains the conviction of the defendant in cause 1083.

In cause 1085, the defendant was charged with the specific sale of intoxicating liquor under Rem. & Bal. Code, § 6302 (Laws 1909, p. 160, § 11), which provides:

"Whoever shall, either as principal, agent, clerk or servant, directly or indirectly, sell, barter, exchange, give away or otherwise dispose of any intoxicating liquor in any quan-

tity whatever, within the limits of a unit which has, by its vote, decided against the licensing of the sale of intoxicating liquor, or who shall keep or have in his possession any intoxicating liquor with intent to sell, give away or otherwise dispose of such liquor in violation of the provisions hereof, shall, upon conviction thereof, be fined not less than twenty dollars nor more than two hundred dollars, or be imprisoned in the county jail for not less than ten days nor more than thirty days, or be punished by both such fine and imprisonment."

This is a section of the local option law, and penalizes the sale of intoxicating liquor in units where a majority of the people have voted against license. It is argued that, if the former conviction is sustained, then that is a bar to the second, for the reason that a person cannot twice be placed in jeopardy for the same offense. It is the fundamental law that a person cannot be twice punished or placed in jeopardy for the same offense. But are the offenses with which the defendant was charged and convicted the same? In one he is charged with keeping or maintaining a nuisance; in the other with the specific sale of intoxicating liquors in contravention of the law. While a person may not twice be placed in jeopardy for the same offense, it does not necessarily follow that the same may not constitute separate offenses. If it does, a charge and conviction of one offense does not bar the other. The offenses with which the defendant was charged and convicted were defined under different sections of the statutory law of the state. It is true that the charges were sustained by the same evidence, but they were by the legislature made a separate and distinct offense.

In 12 Cyc. 282, the rule is stated in this language:

"The legislature may carve out of a single act or transaction several crimes so that the individual may at the same time and in the same transaction commit several distinct crimes, in which case an acquittal or a conviction of one will not be a bar to the indictment for the other."

In support of the conviction in cause 1085, the case of *Mayhew v. City of Eugene*, 56 Ore. 102, 104 Pac. 727, is very much in point. In that case the city of Eugene was a dry unit under the local option law of the state of Oregon. This law made the selling of intoxicating liquors unlawful in a dry unit. By ordinance, the city of Eugene had made the maintaining of a place where liquor was sold in violation of law a nuisance. Mayhew, the defendant, had been charged and convicted under the local option statute with selling liquor in violation of law. Subsequently he was charged and convicted under the ordinance of the city of Eugene with maintaining a nuisance. The question was, Did the first conviction bar the second? The court in sustaining the second conviction said:

"Much of what has been heretofore said applies forcibly to the defendant's next objection, namely the failure of the court to submit defendant's plea of former jeopardy to the jury. The offence of making a single sale of liquor is not identical and cannot be identical with the maintaining of a nuisance by carrying on the business and the plea was bad on its face."

It follows that the judgment of conviction in both cases must be affirmed.

MOUNT, ELLIS, MORRIS, and FULLERTON, JJ., concur.