[No. 14723. Department Two. June 20, 1918.]

EDMUND B. BENN, *Appellant*, v. GRAYS HARBOR COUNTY *et al.*, *Respondents*.[1]

MUNICIPAL CORPORATIONS — TAXATION — LEVY FOR INDEBTEDNESS — LIMITATIONS—STATUTES. Rem. Code, § 7653, relating to tax levies by cities of the second class and providing a limit only for levies for general purposes, was not intended to impliedly repeal, but must be taken *in pari materia* with, Rem. Code, § 5131, as originally enacted, and as amended subsequent to the passage of § 7653, and which fixes a limit for levies to pay outstanding indebtedness, in accordance with the harmonious policy of the laws respecting limitation upon the powers of all cities in this respect.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered January 26, 1918, upon sustaining a demurrer to the complaint, dis-

[1]Reported in 173 Pac. 632.

missing an action to enjoin the collection of a tax. Reversed.

*C. A. Murray* and *L. B. da Ponte,* for appellant.

*Stewart & Tucker* and *A. Emerson Cross,* for respondents.

HOLCOMB, J.—Aberdeen, a city of the second class, made a tax levy of 24.19 mills for the payment of outstanding current expense warrant indebtedness, with interest, for the year 1917, which was certified to the county auditor and spread upon the tax rolls of Grays Harbor county. This is an action by appellant, as a taxpayer, against the city of Aberdeen and Grays Harbor county, to enjoin the collection of 18.19 mills of such levy, amounting to the sum of $105,257.82, for the reason that the city is unauthorized to make a levy for such purposes in excess of six mills. A general demurrer to the complaint was sustained, and appellant declining to plead further, judgment of dismissal with prejudice was entered.

The sole question upon this appeal is whether the second class city of Aberdeen, a city having less than 20,000 inhabitants, is limited by law to a six-mill levy for the payment of outstanding current expense warrant indebtedness.

The legislature in 1907 passed chapter 241, relating to cities of the second class having less than 20,000 inhabitants, of which § 70, p. 666, relating to tax levies, is as follows:

"Tax Levies: Any such city shall have power through its council to levy and collect annually, a property tax for the payment of outstanding warrants and also for the purpose of providing funds for the payment of interest on, and for the creation of sinking funds for, all outstanding bonded indebtedness, and in addition thereto, such city shall have power to levy

and collect annual taxes for the payment of current expenses not exceeding fifteen mills on the dollar of assessed valuation: *Provided,* that if the qualified electors of said city at a special election to be held for that purpose should vote in favor of a larger levy for the payment of current expenses, than fifteen mills on the dollar of assessed valuation, a larger levy for said purpose may accordingly be made. All of the provisions of chapter 84 of the session Laws of 1897, so far as the same are not inconsistent herewith, shall be applicable to such cities." Laws 1907, p. 666, § 70; Rem. Code, § 7653.

In 1913, the legislature reenacted § 3, ch. 84, p. 222, Laws 1897, being § 5131, Rem. & Bal. Code, with an additional proviso. The title of the act and Rem. Code, § 5131, as amended, read as follows:

"An act relating to taxes in cities and towns and amending section 5131 of Remington & Ballinger's Annotated Codes and Statutes of Washington."

"§ 5131. Such municipal corporations shall levy and collect annually a property tax for the payment of current expenses, not exceeding ten mills on the dollar; *a tax for the payment of indebtedness (if any indebtedness exist) not exceeding six mills on the dollar,* and all moneys collected from the taxes levied for payment of current expenses shall be credited and applied by the treasurer to 'Current Expense Fund,' and all moneys collected from the taxes levied for the payment of indebtedness shall be credited and applied to a fund to be designated as the 'Indebtedness Fund': provided, that any such municipal corporation having at present an existing indebtedness it may levy and collect annually a property tax for the payment of current expenses, not exceeding fifteen mills on the dollar." Laws 1913, ch. 92, p. 274, § 1.

Appellant contends that this statute should apply, for it limits the levy to six mills, while § 7653, *supra,* provides no limit for outstanding warrant indebtedness. It is apparent that both these statutes are general in their nature and, if there is a conflict between

them, the one passed later in time should be given preference, for the legislature must be presumed to have passed it with knowledge of existing statutes. If § 7653, *supra,* does not provide a limit for the tax levy, and Rem. Code, § 5131, provides a limit, it cannot be said that there is a conflict.

The legislatures of 1907 and 1913 had before them all the existing statutory and charter limitations upon the powers of cities and towns of all classes to levy taxes for existing funded and unfunded indebtedness. Cities of the first class, by charter restrictions, and third and fourth-class cities and towns, by statutes, all have, and then had, express and positive limitations upon the power to levy taxes for such purposes. If the legislature of 1907 intended to abolish the limitation on tax levies for existing unfunded indebtedness in second-class cities, it did not expressly so declare. If it repealed such statutory limitation as to cities of the second class, it did so only by indirection and implication; and repeals by implication are not favored, save when statutes are clearly in conflict with prior statutes and such construction is necessary to give effect. *Meade v. French,* 4 Wash. 11, 29 Pac. 833; *State ex rel. Purves v. Moyer,* 17 Wash. 643, 50 Pac. 492; *State v. Binnard,* 21 Wash. 349, 58 Pac. 210; *Leavenworth v. Billings,* 26 Wash. 1, 66 Pac. 107; *Callvert v. Winsor,* 26 Wash. 368, 67 Pac. 91. It did change the then existing law as to the limit of levy for current expenses. If the legislature of 1907 abolished such limitation as to cities of the second class, leaving such limits upon the same kind of tax levies as to all other classes of cities and towns within its general legislative power reserved, except as to cities of the first class, it did a thing apparently repugnant to the general and long-continued legislative policy to fix limits upon such power in all cities and towns.

Consequently it cannot be logically presumed that, when the legislature of 1907 was legislating as to the general powers of cities of the second class, it intended to single them out in this sole particular and abrogate limitations that existed, and have continued to exist, as to all other cities and towns. To so presume would be to do violence to the wisdom and justice of the law-making body and the harmonious policy of the laws.

We are convinced that the legislature of 1907 intended the provisions of § 70, ch. 241, p. 666, to be considered *in pari materia* with § 3, ch. 84, Laws 1897, p. 222, with the limit there fixed upon the power of cities of the second class to levy taxes for existing unfunded indebtedness; and that the legislature of 1913 had the same intention in legislating upon the subject; that it has been the continuous legislative will to establish limits upon the power of cities and towns of all classes to levy taxes for such purpose, and so to be understood and construed.

We therefore conclude that the trial court erred in sustaining the demurrer to the complaint and dismissing the action.

Reversed.

MAIN, C. J., MOUNT, and MACKINTOSH, JJ., concur.